No. 73.—GUSTAVUS T. SYMMES, plaintiff in error, *vs.* ELIJAH B. ARNOLD and wife, defendants.

[1.] Where an instrument, in the form of a deed, purported to convey certain property therein named, in which it was declared by the party executing it, that she "reserved to herself the use of all the property during her natural life, then to go to the above named persons, and from *thenceforth to be their property* absolutely, without any manner of condition:" *Held,* that the instrument was a testamentary paper, and not a deed.

In Equity, in Walton Superior Court.  Decision by Judge JAMES JACKSON, August Term, 1851.

In 1815, Mrs. Susannah Stamper executed the following instrument:

*Georgia, Morgan County.*

To all people to whom these presents shall come, that I, Susannah Stamper, of the State and County aforesaid, for and in consideration of the love and good will and affection which I have and bear towards my loving niece Susannah Ware, daughter of James Ware, Junior, have given and granted, and by these presents do freely give and grant unto the said Susan-

nah Ware, her heirs and assigns, one negro girl by the name of Judy, and one bed and furniture, and also give unto my loving brother-in-law, James Ware, Junior, one negro man by the name of Bow, and one negro woman by the name of Sarah, and a parcel of land, being a part of the lot that the said James Ware now lives on, joining James Ware; and I also give unto the said James Ware, all my stock, one mare, two cows and two yearlings, and all my hogs, and also all my household and kitchen furniture. I, the said Susannah Stamper, reserve to myself the use of all the property during my natural life, then to go to the above named persons, and from thenceforth to be their property absolutely, without any manner of condition.

In witness whereof, I have hereunto set my hand and seal, this 19th day of May, one thousand eight hundred and fifteen.

SUSANNAH STAMPER. [L. S.]

Singned and sealed in the presence

of LUCY WARE,

BONVILL M. WARE,

JAMES WARE, Senr.

This instrument was regularly proven and recorded. In 1849, Elijah B. Arnold, who had intermarried with the Susannah Ware named in the conveyance, filed with his wife a bill in Walton Superior Court, setting forth that Susannah Stamper, to defeat their title in remainder to a portion of the above named negroes, had executed a conveyance of them to Gustavus T. Symmes, and had sold one of them to some person unknown. Whereupon they prayed a process under the Statute, to require security of Mrs. Stamper and Symmes for the forthcoming of the negroes at the death of the former. Pending this suit, Mrs. Stamper died, leaving a will bequeathing the property in question, to her co-defendant, Symmes. The bill of Arnold and wife was demurred to, on the ground that the paper under which they claimed title was a will and not a deed, which demurrer was overruled, the Court holding the paper to be a deed.

To which decision defendant excepted.

DOUGHERTY, for plaintiff in error.

HILLYER, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question made in this case is, whether the instrument of writing executed by Susannah Stamper, is to be considered a deed or a will.

For the plaintiff in error, it is insisted that according to the ruling of this Court, in *Hester vs. Young,* (2 *Kelly,* 31,) and in *Cravy vs. Rawlings,* (8 *Geo. R.* 450,) this instrument must be considered as a testamentary paper, and not a deed. For the defendants in error, it is contended, that the instrument passed a *present interest,* which vested at the time of its execution, and therefore is good and valid as a deed between the parties thereto.

The first part of the instrument executed by Susannah Stamper, is in the *form* of a deed, but in the latter part of it she reserves to herself the use of all the property during her *natural life,* " then to go to the above named persons, and from *thenceforth* to be *their property absolutely,* without any manner of condition." If the property had been conveyed to the persons named in the instrument, and a *present* interest thereto, vested in them at the time of its execution, why declare that after the termination of her natural life, it was " *thenceforth to be their property?*" This declaration clearly shows, in our judgment, that it was not the intention of the parties to convey any present interest in the property, until *after the death* of Susannah Stamper. After the termination of her natural life, the property mentioned in the instrument was *thenceforth* to be the property of the persons named in it, absolutely, without any manner of condition. It is urged, however, that the words, " without any manner of condition," contained in the last part of the instrument, go to show that a *present interest in remainder* was conveyed to the donees, subject to the condition of the *life estate* of the donor. If an estate in remainder was created by the instrument, the *title to the property vested in the donees, at the time of its execution.* It was *their property* immediately on the execution of the

Symmes *vs.* Arnold and wife.

instrument, to be enjoyed by them, at the death of Susannah Stamper; for it is a cardinal rule of the Common Law, in respect to remainders, that the interest or estate in remainder, passes out of the grantor and vests in the grantee during the continuance of the particular estate, or *eo instanti* that it determines. 2 *Bl. Com.* 168. If it was an estate in remainder, as is contended, it was not dependent upon any *condition*, but the interest in the property would have been absolutely vested in the donees, from the time of the execution of the instrument, so that the words " without any manner of condition," could not have destroyed its legal operation or effect.

When was it the intention of the parties, by a fair construction of the instrument, that the title to the property should vest in the donees, and become *their property?* The instrument itself, we think, answers the question, when it declares, that after the termination of the *natural life* of the party executing it, the property mentioned therein, is "*from thenceforth to be their property* absolutely, without any manner of condition." If an estate in remainder was created and a *present interest* in the property was intended to have been conveyed to the donees in the instrument, *at the time of its execution,* why declare that after the termination of the *natural life* of the donor it should " *thenceforth be their property*" absolutely, without any manner of condition ? The words, " absolutely, without any manner of condition," were merely strong expressions employed by the donor, as indicative of her intention that the donees should have the unrestricted right and title to the property, *after her death.*

According to the principles settled by this Court, in *Hester vs. Young*, and in *Cravy vs. Rawlings*, this instrument must be declared to be a testamentary paper, and not a deed.

Let the judgment of the Court below be reversed.