| 42 | 365 |
| 94 | 299 |
| 42 | 365 |
| 106 | 134 |
| 42 | 365 |
| 122 | 623 |

## GILLHAM SISTERS *vs.* MUSTIN ET ALS.

[ASSUMPSIT—WILL—DEED.]

1. *Will—deed .. distinction between.*—If an instrument be in the form of a deed of gift, and called such, still, if its purpose be testamentary, and it is only to be consummated by the death of the maker. effect will be given to it as a *will*, and not as a *deed*.

2. *Same; same.*—S. made a "conditional deed of gift of all money due, or hereafter to become due" him, to his four sisters, and delivered to them the evidences of debt, and also the instrument; but qualified the delivery by the following words: "And in the event I shall die, or be killed, in the casualties of the war, whither I am now going, then all such moneys are to become the property of my said four sisters, to be equally divided between them; but if I should survive and return, then this instrument is to be null and void, otherwise to remain in full force and effect,"—*held*, that the instrument was of a testamentary character, and could have no effect as a deed.

APPEAL from the Circuit Court of Pickens County. Tried before the Hon. JAMES COBBS.

THIS action was brought by the appellants against the appellees; was commenced on 29th March, 1866, and was founded upon a promissory note made by the appellees, payable to one John Gillham, on 15th February, 1861. The appellants claimed title to said note by virtue of an instrument in writing, a copy of which is as follows: ·

"The State of Alabama, ⎰ I, John Gillham, do make this Pickens County. ⎱ conditional deed of gift of all money due, or hereafter to become due to me, moved thereunto by the natural love and affection which I have to my four sisters, (naming them,) said claims of money being evidenced by promissory notes and accounts, all of which are herewith delivered to my said four sisters, and in the event I shall die, or be killed in the casualties of the war. whither I am now going, then all such moneys are to become the property of my said four sisters, to be equally divided between them; but if I should survive and return

then this instrument is to be null and void, otherwise to remain in full force and effect. Witness my hand and seal, this, 7th day of April, 1862.

(Signed.)                    JOHN GILLHAM.    [Seal."]

This instrument was attested by two witnesses. On the 26th October, 1865, it was recorded in the probate judge's office. The note sued on was one of the notes included in said instrument. The court charged the jury, " that the said instrument of writing, executed by the said John Gillham, conveying the said notes and accounts to his said four sisters, was a will and not a deed, and as there was no evidence of the probate of the same, and the grant of letters thereon, the plaintiffs could not recover in this action." To this charge the plaintiffs excepted. They appealed, and assigned as error the said charge.

M. L. STANSEL, for appellants.
TERRY & WILLETT, contra.

JUDGE, J.—The law is now too well settled to admit of controversy, that " if an instrument be in the form of a deed of gift, and called such, still, if its purpose be testamentary, and it is only to be consummated by death," effect will be given to it as a *will,* and not as a *deed.—Dunn and Wife v. The Bank of Mobile,* 2 Ala. 152 ; *Shepherd v. Nabors,* 6 Ala. 631 ; *Thompson v. Johnson,* 19 Ala. 59 ; *Kinnebrew v. Kinnebrew,* 35 Ala. 628. And " in determining whether an instrument be a deed or will, the main question is, did the maker intend to convey any estate or *interest* whatever, to vest before his death, and upon the execution of the paper ? Or, on the other hand, did he intend that all the interest and estate should take effect *only* after his death ? If the former, it is a deed, if the latter a will; and it is immaterial whether he calls it a will or deed, the instrument will have operation according to its legal effect."—*Wall v. Wall,* 30 Miss. (1 George,) 91.

This principle of the law is not in conflict with the rule which permits a person to settle property by deed to his own use during his life, and after his decease, for the benefit of other persons, though such a disposition may postpone

the possession or enjoyment, or even the vesting, until the death of the disposing party ; for the postponement is in such case produced by the *express terms*, and does not result from *the nature* of the instrument.—1 Jarman on Wills, 12. Thus, says Mr. Jarman, "if a man, by deed, limit lands to the use of himself for life, with remainder to the use of A., in fee, the effect upon the usufructuary enjoyment is precisely the same as if he should, by his will, make an immediate devise of such lands to A. in fee ; and yet the case fully illustrates the distinction in question ; for, in the former instance A., *immediately* on the execution of the deed, becomes entitled to a remainder in fee, though it is not to take effect in possession until the decease of the setlor, while, in the latter, he would take no interest whatever until the decease of the testator should have called the instrument into operation."—1 Jarman on Wills, 12. It is the *ambulatory* quality of wills which forms their characteristic, and this quality does not pertain to deeds.

A deed of the character designated above might be valid as a deed, if it contained a limited reservation of the power of revocation. But where there is a general reservation— or something like a reservation—of the maker's right to deal with the property as his own, notwithstanding the instrument, and no conclusive effect can be given to it until the death of the maker, the law regards the instrument as testamentary.—*Fletcher v. Fletcher*, 4 Hare, 79 ; 1 Jarman on Wills, 12, 22. But to make it such, it is essentially requisite that the instrument should be made to *depend upon the event of death* to *consummate* it ; for where a paper directs a benefit to be conferred *inter vivos*, without reference expressly or impliedly, to the death of the party conferring it, it can not be established as testamentary.—1 Williams on Exr's, 88 ; see also, *Adams v. Broughton*, 13 Ala. 731.

It clearly appears that the instrument before us, tested by the rules above announced, can have operation only as a will. It is true, the evidences of debt described in the instrument, were delivered to the sisters of the maker, together with the instrument, at the time the latter was executed. But the effect of the delivery is qualified by the words following : "And in the event I shall die or be

killed in the casualties of the war, whither I am now going, then all such moneys are to become the property of my said four sisters, to be equally divided between them; *but if I should survive and return,* then this instrument is to be *null and void,* otherwise, to remain in full force and effect." The instrument directed no benefit to be conferred *inter vivos,* and depended upon the death of the maker to consummate it; it is, therefore, of testamentary character, and can have no effect as a deed.

Judgment affirmed.