McGuire, Adm'r, v. President and Directors Bank of Mobile.

# McGUIRE, Adm'r, vs. PRESIDENT AND DIRECTORS BANK OF MOBILE.

[ASSUMPSIT—DEED—WILL.]

1. *Deed; will.*—The instrument from T. S. to G. C., (see statement,) held to be a deed and not a will.
2. *Will; characteristics of.*—An instrument, which conveys no interest or estate, that is to vest, upon its execution, and before the death of the maker, but which is to depend upon the event of death to consummate it, can only be executed as a will, no matter what may be its form, or what it may be called.
3. *Secondary evidence to establish a deed; what is necessary.*—To entitle a party to introduce secondary evidence to establish a deed, he must show that he has, in good faith, exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him.

APPEAL from the City Court of Mobile.

Tried before the Hon. H. CHAMBERLAIN.

THIS was an action to recover money brought by W. W.

McGuire, as the administrator of T. Sandford, deceased, against the President and Directors of the Bank of Mobile, and was commenced on the 6th day of February, 1868. The money sought to be recovered had been deposited in defendant's bank by T. Sanford, in his life time. Upon his death, which occured 1st May, 1867, George Cleveland demanded and received of the bank the money deposited therein by said T. Sanford, and claimed it by virtue of a certain instrument in writing executed and delivered to him by said Sanford, hereinafter copied. The material question in the case was, whether this instrument was a deed or a will. This instrument is as follows: "Know all men by these presents, that I, Thaddeus Sanford, of the city of Mobile, and State of Alabama, for and in consideration of the sum of five dollars, paid to me by George Cleveland, of the city of Mobile, and State aforesaid, and in further consideration of the natural love and affection I bear to certain of my nephews and nieces, and the children of each of them as have died, more particularly described as follows, viz : [here follows a description,] I have given, granted, and conveyed, and by these presents do give, grant and convey, and assign unto the said George Cleveland, all my property of every name and nature, real, personal, and mixed, together with all choses in action of every kind to which I may be entitled, to have and to hold, to him the said George Cleveland, his heirs, and assigns ; in trust, however, and for this express trust and condition, viz : That the said Cleveland, during my life, shall possess himself of said property and apply the same, and all the profits, and income thereof to the support, comfort, and maintenance of myself, during the term of my natural life, and as I may direct ; and upon my decease, shall pay the necessary expenses attending my illness, and the decent interment of my mortal remains ; and after so paying the necessary expenses, shall divide the remainder between my nephews and nieces, and the children of such of them as have died, (as set forth above,) according to a memorandum of distribution furnished by me, of even date with these presents, to the said George Cleveland, and a copy of which he is hereby directed, after

my decease, to furnish to each of the parties interested in this deed. In testimony, &c.

(Signed.)             T. SANFORD.   [Seal.]

Witness : J. Bragg."

On the question of introducing secondary evidence to establish this deed, the bill of exceptions states as follows : " Alexander McKinstry, esq., testified, that the copy attached to said deposition, [George Cleveland's] was made by him from the original, in the possession of said Cleveland ; that it was a correct copy ; that he did not see the original paper signed, but that he knew the hand-writing of said Thaddeus Sanford, and that the signature to the original was in the hand-writing of said Thaddeus Sanford, and that the name of J. Bragg, as attesting witness, was in his hand-writing, that the original paper was in the possession of George Cleveland, who has since deceased ; that he had enquired of the sons of said Cleveland for said deed, and could not get it. The court thereupon ruled, that said copy was competent evidence, and it was read to the jury, with said deposition, to which ruling the plaintiff excepted." There was a verdict and judgment for the defendants.

BOYLES & OVERALL, for appellant.

ALEX. MCKINSTRY, and HAMILTON, contra.

JUDGE, J.—On the hypothesis that the instrument from Thaddeus Sanford to George Cleveland was established by competent testimony, it is contended that it constituted no bar to the plaintiff's recovery, for the reason that the instrument is not a deed, but a will.

It is certainly true that an instrument which conveys no interest or estate that is to vest upon its execution, and before the death of the maker, but which is to depend upon the event of death to consummate it, can only be executed as a will, no matter what may be its form, nor what it may be called. But such is not the character of the instrument we are considering, which we think is clearly a deed that took effect in presenti. True, it did not take effect in possession, as to the nephews and nieces of the grantor and

the children of such as had died ; their possession and enjoyment was postponed until the death of the disposing party. But an immediate and present interest was vested in them on the execution of the deed—such an interest and estate as could not have been recalled by the maker. The reservation for his "support, comfort, and maintenance," during the term of his natural life, was not such a *general reservation* of the maker's right to deal with the property as his own, notwithstanding the instrument, as would prevent the instrument from having any effect until the maker's death. This reservation, being restricted and limited to a specified purpose, did not impart to the instrument that ambulatory quality which forms the characteristic of wills, but does not pertain to deeds. For the authorities upon the question, as well as for a more particular discussion of it, see *Gillham Sisters v. Mastin et al.*, decided at the January term, 1868.

But the court below erred in the admission of the secondary evidence objected to, to establish the deed. It is the settled law that there can be no fixed rules as to what is sufficient to authorize such secondary evidence to be received ; but as Mr. Greenleaf says, "the party is expected to show that he has in good faith exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him."—Greenleaf's Evidence, § 558. See, also, *Tannis v. Doe, ex dem. St. Cyr,* 21 Ala. 449, and *Green v. The State,* decided at the January term, 1868.

Such was not done in the present case. Cleveland, the trustee, was, in life, the proper custodian of the deed. It was necessary, to make the secondary evidence of a copy competent evidence, to have shown that the original could not be found after a proper search had been made for it among his papers.

As our decision upon the question first discussed in this opinion will probably be decisive of the case, we deem it unnecessary to pass upon any question presented by the record, not herein considered.

For the error above named, the judgment is reversed and the cause remanded.