[Rice's Adm'r ·v. Rice.]

## Rice's Adm'r *v.* Rice.

*Action cn Common Counts, with Special Count on Writing as
Promissory Note.*

1. *Promissory note defined.*—A promissory note is a written prom-
ise to pay money; and although it is not necessary that the word
*promise* should always be used, other words of equivalent import are
required.

2. *Whether writing is testamentary or not.*—A will, or testamentary
paper, is necessarily ambulatory and revocable during the life of the
maker; and in determining whether a written instrument is a will, the
controlling question is as to the intention of the maker—whether he
intended that any estate or interest should pass before his death; and
this intention is to be ascertained, not only from the writing itself, but
from the light of attendant facts and circumstances.

3. *Writing construed, and held neither note nor will. but nudum
pactum.*—A writing in these words, " Be it *none* all men by these pres-
ents that I, B. R., do *sertify* that I give the *girle* Mary R. the sum of
$500 at my death, *pable onely* after my death to the said Mary R. *onela*
to the said Mary R., and I hereby *forwarne evry persones* or person for
*traden* for said note *pable* after my death, this the (1) *firste of february
the* 1873;" signed by the maker, but without attesting witnesses, and
delivered to the said Mary R.,—is neither a promissory note, nor a testa-
mentary paper, but is merely *nudum pactum*; and will not support an
action, unless shown to be founded on a valuable consideration.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. LUTHER R. SMITH.

This action was brought by Mary Rice, a freed-woman,
against Benjamin E. Richardson, as the administrator of the
estate of Boykin Rice, deceased; and was commenced on the
17th August, 1878. The original complaint contained only a
single count, claiming $164 for work and labor done by plain-
tiff for defendant's intestate during the years 1873, 1874,
1875, 1876, and 1877; but an amended complaint was filed,
claiming $500 "due on the 13th day of May, 1877, by a con-
tract, or writing obligatory, made by the defendant's intestate
on the 1st February, 1873, and payable to the plaintiff,"
which was set out, in these words : " Alabama, Greene Co'ty,
be it *none* all men By these presents that I, Boykin Rice, do
*sertify* that I give the *girle* Mary Rice the sum of $500 hun-
dred dollars at my death, *pable onely* after my Death to the
said Mary Rice, *pable onela* to the said Mary Rice, and I here
*forwarne* every *persones* or person for *traden* for said note
*pable* after my death, this the (1) *firste* day of *february the*

[Rice's Adm'r v. Rice.]

1873;" signed, "BOYKIN RICE." The amended complaint, after setting out this instrument, alleged that said Boykin Rice died on the 13th May, 1877 ; "that said sum of money, with the interest thereon, is due and unpaid, and is claimed by plaintiff." The defendant objected to the allowance of the amended complaint, "because it does not show any cause of action ; and because the writing therein set out is testamentary in its character, and said amended count does not show that said writing was attested, or had been admitted to probate as required by law." The court overruled these objections, and allowed the amended complaint to be filed ; and the defendant then demurred to it, assigning the same objections as grounds of demurrer; which demurrer being overruled, he pleaded to it—1st, *non assumpsit* ; 2d, want of consideration ; 3d, that said writing, as set out in said count, gives no right of action.

On the trial, as the bill of exceptions shows, the plaintiff having offered in evidence the said paper writing, in the words above set out, the defendant objected to its introduction, "because it shows on its face that it is without consideration ; and because it shows on its face that it is of a testamentary character, and was not witnessed, nor probated, as required by law." The court overruled these objections, and allowed the writing to go to the jury as evidence ; and charged the jury, " that the effect of said paper, or instrument of writing, is that of a valid obligation, or promise to pay, and imports a consideration, and that the plaintiff is entitled to recover the sum of money named therein, with interest thereon from the death of the defendant's intestate." To this charge the defendant excepted, and also to the admission of the writing as evidence ; and he now assigns these rulings as error, with the adverse rulings of the court on the pleadings, as above stated.

E. MORGAN, for appellant.

SNEDECOR, COCKRELL & HEAD, *contra*.

SOMERVILLE, J.—A promissory note may be defined to be, a written promise to pay money ; and while the word "promise" need not be used, words of equivalent import are required, the fair construction of which would be tantamount to a promise, express or implied—1 Parsons B. & N. 14, 25 ; *Fleming v. Burge*, 6 Ala. 373.

The instrument sued on in this case is, in the body of it, called a "note." It purports to be a *gift* of five hundred dollars, payable "after the *death*" of the maker. Words are used

[Rice's Adm'r v. Rice.]

seeking to prohibit the transfer or assignment of it to any third person. It is not, strictly, a promissory note; for there is no *promise* to pay, or words of similar force and meaning.

Nor do we clearly see how it can be construed to be testamentary in its character. A will has been defined to be, "an instrument by which a person makes a disposition of his property, to take effect after his decease, and which is in its own nature ambulatory and revocable during his life." 1 Jarm. on Wills, 1. Where, however, a paper is, on its face, imperfect and equivocal, the presumption is always against its operating as testamentary, unless it is made clearly to appear that it was executed *animo testandi*, or being intended by the maker to operate as a posthumous dispositon of his estate. 1 Redf. Law Wills, 170–2. But courts have inclined to solve many doubtful cases, by giving such instruments a testamentary effect, where it was necessary in order to prevent the entire defeat of their legal operation ; and such has been the current of our own decisions.—*Kinnebrew v. Kinnebrew*, 35 Ala. 628 ; *Gilham v. Muslin*, 42 Ala. 365.

The controlling question, in such cases, seems to be, whether the maker intended that any *interest* or estate whatever should vest before his death, and upon the execution of the paper.—*Gilham v. Mustin*, 42 Ala. 365 ; *Wall v. Wall*, 30 Miss. (1 Geo.) 91. The intention of the maker is the key of all interpretation, however irregular the instrument may be in its form, or however inartificial in its expression. But this intention may be ascertained, not only from the writing itself, but from the light of attendant facts and circumstances. *Hall v. Burkham*, 59 Ala. 349; *McGuire v. Bk. Mobile*, 42 Ala. 589.

The instrument sued on was delivered by the maker, presumptively, during his life-time, thus vesting an interest in the appellee. If has no attesting witnesses, and can not operate as a will, thus widely differing from the one decided to be a will in *Kinnebrew v. Kinnebrew*, 35 Ala. 628.

It is correct, as a general rule, that a promissory note, in ordinary form, imports, *prima facie*, a legal consideration ; yet this presumption can not be held to prevail, where the instrument, on its face, purports to be a gift in the nature of a legacy, which is the character of the one under consideration. It is obviously a *nudum pactum*, in the absence of any extrinsic evidence of a valuable consideration, and is no more a ground of action than a voluntary promise to deliver a chattel as a mere gift.—*Copp v. Sawyer*, 6 N. H. 386 ; *Pearson v. Pearson*, 7 Johns. Rep. 26.

The court below erred in its construction of this instrument ; and the judgment must, for this reason, be reversed, and the cause remanded.