# Sharp *v.* Hall.

*Contest of Probate of Instrument propounded as Will.*

1. *Construction of writing as deed or will.*—There is no uniform and inflexible rule, by which to determine whether a particular instrument is a deed or a will, and the form of the paper "stands for but little." When it is executed in proper form to be operative as either a will or a deed, is ambiguous in character, but contemplates only posthumous operation, the controlling inquiry is the intention of the maker; and this is to be ascertained, primarily, from the words of the instrument itself, though evidence may be received of the instructions given to the draughtsman, and other attendant circumstances. But, when it can not operate as a deed, as for want of delivery, this is a strong circumstance to show that it was intended as a will, and it will be so construed in doubtful cases.

2. *Proof of intention.*—Intention is an inferential fact, and, when not announced or communicated at the time the act is done, is not a fact to which a witness can testify in terms.

3. *Specific objection to evidence.*—An objection to evidence on a single specified ground is a waiver of all other grounds of objection.

4. *Illegal evidence in rebuttal.*—When illegal evidence has been admitted in favor of one party, the other may introduce illegal evidence in rebuttal of it.

Appeal from the Probate Court of Colbert.

Tried before the Hon. John A. Steele.

In the matter of the probate of a written instrument,

which was propounded by Mrs. Julia M. Hall, as the last will and testament of Mrs. Anne E. Hornsby, deceased, and which was contested by Geo. A. Sharp and others, heirs at law of said decedent. The instrument was signed by Mrs. Hornsby, under seal, attested by J. J. Davis as a subscribing witness, and also by J. T. Kirk on an acknowledgment of her signature made in his presence on the 23d February, 1886; and in the following words: "The State of Alabama, Colbert county. These presents show that, in consideration of the love and affection I have to Julia M. Hall, I do here now give and deliver to her the following property, to-wit, a certain lot, or part of lot, situated in the city of Tuscumbia, known as part of lot No. 317, according to the plat of said city," describing it by metes and bounds," together with all the tenements and hereditaments thereunto appertaining, all of which I now hold and possess. But I do hereby reserve the use, control and consumption of the same to myself, for and during my natural life; and this is done, in part, to do away with all need or necessity of taking out letters of administration after my death. Test my hand and seal, this ———— day of February, 1886."

Mrs. Hornsby died in July, 1887. Letters of administration on her estate, as an intestate, were granted, soon after her death, to Robert B. Lindsay, who, while searching among her papers, found this instrument in a locked drawer, inclosed in an envelope, on which were written the words, "Not to be opened until after my death;" but Mrs. Hornsby's name was not signed to the memorandum, nor was it in her handwriting. The administrator delivered this writing to Mrs. Hall on the 2d August, 1888, and it was propounded for probate by her on the next day. The heirs contested the probate, on these grounds: "1st, because said written instrument is not in fact the will and testament of said Anne E. Hornsby; 2d, because said instrument was not duly executed so as to pass title to said real estate under the laws of Alabama; 3d, because said instrument was not executed by said Anne E. Hornsby; 4th, because said instrument is not testamentary in its character; 5th, because said instrument was not executed as required by law of a last will and testament." An issue was thereupon tendered by the proponent, alleging "that said written instrument is the last will and testament of Mrs. Anne E. Hornsby;" to which the contestants replied, ." that said instrument is not the will of Anne E. Hornsby, *but the same is a deed exe-*

[Sharp v Hall.]

*cuted by her to the plaintiff, conveying only a part of her property.*" The words in italic were struck out by the court, on motion of the proponent, against the objection and exception of the contestants.

On the trial, the contestants reserved numerous exceptions to the rulings of the court on evidence, and also to the refusal of several charges asked; and these rulings are now assigned as error, 32 in all. The sixth charge asked and refused was in these words: "The fact that Mrs. Hornsby did not dispose of all her property, if it be a fact, must be considered by the jury, with the other evidence, to ascertain whether or not the instrument was intended to be a will."

KIRK & ALMON, for appellants, cited *Hall v. Burkham*, 59 Ala. 349; *Campbell v. Gilbert*, 57 Ala. 569; *Jenkins v. Cooper*, 50 Ala. 419; *Coleman v. Siler*, 74 Ala. 435; *Lee v. Shivers*, 70 Ala. 288; Schouler on Wills, § 277; 66 Geo. 127; 3 N. J. Eq. 625; *Patterson v. English*, 71 Penn. St. 454; *Edwards v. Smith*, 35 Miss. 197; *Cunningham v. Cunningham*, 3 Geo. 460; *Elmore v. Mustin*, 28 Ala. 309.

J. B. MOORE, *contra*, cited 2 Ala. 152; 6 Ala. 631; 42 Ala. 365; 19 Ala. 59; 23 Ala. 448; 52 Ala. 430; 68 Ala. 216; 65 Ala. 301; 87 Ind. 13; 25 Minn. 39; 79 Ky. 607; 47 Conn. 450; 50 Penn. St. 354; 27 N. Y. 9; 37 Barb. 336; 44 Wisc. 392; 1 Dev. Deeds, § 309.

STONE, C. J.—There are few, if any questions, less clearly defined in the law-books, than an intelligible, uniform test, by which to determine when a given paper is a deed, and when it is a will. Deeds, once executed, are irrevocable, unless such power is reserved in the instrument. Wills are always revocable, so long as the testator lives, and retains testamentary capacity. Deeds take effect by delivery, and are operative and binding during the life of the grantor. Wills are ambulatory during the life of the testator, and have no effect until his death. Out of this has grown one of the tests of testamentary purpose, namely, that its operation shall be posthumous. If this distinction were carried into uniform, complete effect, and if it were invariably ruled that instruments which confer no actual use, possession, enjoyment, or usufruct on the donee or grantee, during the life of the maker, are always wills, and never deeds, this would seem to be a simple rule, and easy of application. The

corollary would also appear to result naturally and neces-
sarily, that if the instrument, during the life-time of the
maker, secured to the grantee any actual use, possession,
enjoyment or usufruct of the property, this would stamp it
irrefutably as a deed. The authorities, however, will not
permit us to declare such inflexible rule. A declaration of
trust, by which the grantor stipulates to hold in trust for
himself during life, with remainder to a donee, or succession
of donees, certainly secures no use, enjoyment, or usufruct to
the remainderman during the grantor's life; yet it is a deed,
and not a will.—1 Bigelow's Jar. on Wills, 17, and notes;
*Gillham v. Mustin*, 42 Ala. 365. Can a tangible distinction
be drawn between such case and a direct conveyance, in form
a deed, by which A. conveys to B., to take effect at the death
of A? The human mind is not content with a distinction
that rests on no substantial difference. Conveyances, reserv-
ing a life-estate to the grantor, have been upheld as deeds.
2 Dev. on Deeds, § 983; *Robinson v. Schley*, 6 Ga. 515;
*Elmore v. Mustin*, 28 Ala. 309; *Hall v. Burkham*, 59 Ala.
349. In *Daniel v. Hill*, 52 Ala. 430, 436, this court said:
"A deed may be so framed that the grantor reserves to him-
self the use and possession during his life, and on his death
creates a remainder in fee in a stranger."

Almost every conceivable form of conveyance, obligation,
or writing, by which men attempt to convey, bind or declare
the legal *status* of property, have, even in courts of the
highest character, been adjudged to be wills. The form of
the instrument stands for but little. Whenever the paper
contemplates posthumous operation, the inquiry is, what was
intended?—1 Big. Jarman on Wills, 20, 25; *Habergham v.
Vincent*, 2 Ves. Jr. 204; *Jordan v. Jordan*, 65 Ala. 301;
*Daniel v. Hill*, 52 Ala. 430; *Shepherd v. Nabors*, 6 Ala. 631;
*Kinnebrew v. Kinnebrew*, 35 Ala. 638. The intention of the
maker is the controlling inquiry; and that intention is to be
gathered, primarily, from the language of the instrument
itself.—*Dunn v. Bank*, 2 Ala. 150. The intention can not
be proved by a witness, speaking directly thereto. But this
does not, in cases of inapt phraseology—such as the present
instrument discloses—preclude proof of instructions given to
the draughtsman, in reference to the nature of the paper he
was expected to prepare. In *Green v. Proude*, 1 Mod.
117; s. c., 3 Keb. 310, the paper had striking characteristics
of a deed; but the court said: "Here being directions given
to make a will, and a person sent for to that end and purpose,

8

this is a good will." Speaking of this case, Jarman—Bigelow's edition—Vol. 1, p. 19, says: "The court seems to have been influenced by the circumstance, that the person who prepared it was instructed to make a will."

In *Wareham v. Sellers*, 9 Gill & J. 98, the court decided that testimony should have been received of "conversations of the deceased, made at the time of executing the said paper, and from the other circumstances, that the said P. S. made and executed the said paper as and for his last will and testament, and intended it as such." In this case, the controversy was, whether the paper was a deed or a will. To the same effect is *Witherspoon v. Witherspoon*, 2 McC. 520.

So, all the attending circumstances may be put in proof, as aids in determining whether the maker intended the paper should operate as a deed or a will, whenever it is so framed as to postpone actual enjoyment under it, until the death of the maker.—*Gillham v. Mustin*, 42 Ala. 365; *Daniel v. Hill*, 52 Ala. 430; *Campbell v. Gilbert*, 57 Ala. 569; *Jordan v. Jordan*, 65 Ala. 301; *Rice v. Rice*, 68 Ala. 216; *Lee v. Shivers*, 70 Ala. 288; 1 Big. Jarman on Wills, 25; *Gage v. Gage*, 12 N. H. 371; *Mealing v. Pace*, 14 Ga. 596, 630; *Symmes v. Arnold*, 10 Ga. 506; *Jackson v. Jackson*, 6 Dana, 257.

Another pertinent inquiry: If a paper can not have operation as a deed, but may as a will, then, in doubtful cases, we should pronounce it a will, *ut res magis valeat*.—Big. Jar. on Wills, 21–2, 24–5; *Atty. Gen. v. Jones*, 3 Price, 379; *Gage v. Gage*, 12 N. H. 371; *Symmes v. Arnold*, 10 Ga. 506.

The instrument sought to be established as a will, is in form a nondescript. It clearly shows on its face, that the donee or grantee was to have no actual enjoyment of the property—no usufruct—during the life of the maker. Its language is: "I do hereby reserve the use, control and consumption of the same to myself, for and during my natural life." We hold, that the paper, on its face, falls within the indeterminate class, which, according to circumstances, may be pronounced a deed or a will. We also hold that, on the trial of the issue, it was competent to prove that the maker was without lineal, or other very near relatives; that she was attached to the donee, who was a member of her household; that she sent for the draughtsman of the paper, and employed him to write her will; that in pursuance of such employment, he wrote the paper in controversy; that she signed it with a knowledge of its contents, and had it attested; that

[Sharp v. Hall.]

she did not deliver it, but had it placed in an envelope, and indorsed, "not to be opened until after my death," and that she carefully preserved it in such envelope, until her death. Now, all these facts and circumstances, if proved and believed, were competent and proper for the consideration of the jury, in determining the issue of devisavit *vel non*. And the fact, if believed, that the paper had never been delivered, and therefore could not take effect as a deed, should also be considered in arriving at the maker's intention.

In excluding from contestants' exceptive allegation the averment that the paper is a deed, the Probate Court committed a technical error. That was the real issue in the case. This ruling, however, did the contestants no injury, as they had the benefit of the defense it sought to interpose. 3 Brick. Dig. 405, § 20.

Under our rulings, if the question were properly raised, the witness Davis should not have been permitted to testify that his intention, in framing the paper, was to make it a will. Intention is an inferential fact, and, unless it is announced at the time the act is done, it is not susceptible of direct proof.—3 Brick. Dig. 438, §§ 479 *et seq.* The objection to this testimony, however, was, that it was "parol evidence introduced to vary and change a written instrument." There was nothing in this objection, and it was rightly overruled.—3 Brick. Dig. 444, § 574.

We have shown that the opinion of the witness Davis, that the paper was a will, or that he intended it for a will, was illegal evidence, if properly objected to. Being admitted, however, it was competent to rebut it. It was attempted to be rebutted in this case, not by disproof of the fact, but by testimony tending and intended to discredit the witness. A letter, proved to have been written by him, and which stated that Mrs. Hornsby had died intestate, was, after laying the proper predicate, offered for this purpose. This letter, it was contended, contained a prior contradictory statement by the witness, to that part of his testimony in which he had said the paper was intended as a will. Offered as it was, it should have been received.—1 Brick. Dig. 889, § 1225. In the absence of proof by Davis that he intended the paper for a will, the letter would have been illegal evidence.—2 Brick. Dig. 549, § 126; 3 *Ib.* 828, § 101.

The paper, over which the present contention arose, contains the following clause: "And this [the execution of the paper] is done, in part, to do away with all need or

necessity of taking out letters of administration after my death." This clause is a circumstance which the jury may look at and consider, in determining whether Mrs. Hornsby intended that Julia M. Hall should take or enjoy any interest during the former's life. It is not conclusive, but must be weighed with the other evidence. It would probably be more weighty, if it made provision for Mrs. Hornsby's entire estate. Attempts—fruitless, of course—are sometimes made to dispense with administration, even in documents that are unmistakably testamentary.

Charge No. 6, asked by contestants, should have been given. The remaining charges asked by them, were, in the light of the evidence, calculated to confuse, or mislead, and were rightly refused on that account.

We have now considered all the questions we deem necessary. In a very few of the many rulings, the Probate Court erred.

Reversed and remanded.