# Smith v. Davis, et al.

### Bill to Cancel Deed.

(Decided April 5, 1917.  75 South. 22.)

1. Wills; Deed or Will; Determination.—When an instrument conveying real estate may on its face operate either as a deed or will, it must be determined whether it is so executed as to operate as either, and then the controlling question is the maker's intention, to be ascertained from the instrument and the circumstances attending its execution.

[Smith v. Davis, et al.]

**2. Deeds; Time of Taking Effect; Death of Grantor.**—An estate in land may be created by deed to take effect in possession before the grantor's death, with reservation to him of the intervening use and possession.

APPEAL from Limestone Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by Elizabeth Smith against Ida Davis and others to cancel and annul a deed. From a decree denying relief complainant appeals. Affirmed.

WALL & HOLMAN for appellant. W. T. SANDERS for appellees.

This cause was submitted and considered under rule 46. The opinion was prepared by Mr. Justice THOMAS.

The complainant by her bill seeks to have canceled a certain deed executed by her to respondents on the 8th day of November, 1915. The grounds for annulment alleged are, in effect, that complainant executed the deed as the result of a fraud perpetrated by the husband of one of the respondents, in that said instrument was represented to her, by such person, to be a will and not a deed; and that complainant intended to execute a will and not a deed. The bill is aided by the further averment that complainant is aged and infirm, unable to read and write, and inexperienced in business transactions. We have carefully examined the evidence without indulging presumptions in favor of the correctness of the chancellor. Though the evidence shows that the husband of one of the respondents had discussed with complainant the matter of a conveyance, there was proven no dominance or undue influence over complainant, nor false representations made to her, nor fraud in the transactions that culminated in the execution and delivery of the conveyance sought to be canceled. The instrument in question was in form a deed, reserving to grantor the intervening use and possession of the property conveyed, to the time of her death.

(1, 3) When a written instrument conveying real property may on its face operate either as a deed or as a will, it must be determined whether it is so executed as to operate as either; and then the controlling inquiry is, which operation and effect the maker intended it to have. That is to say, whether the maker intended to pass a present interest or estate to the grantee, or an estate to vest on the death of the maker or grantor. This

intention is to be ascertained not only from the instrument itself, but from the facts and circumstances attending its execution.—*Abney v. Moore, Adm'r,* 106 Ala. 131, 18 South. 60; *Elmore v. Mustin,* 28 Ala. 309; *Daniel v. Hill,* 52 Ala. 430; *Hall v. Burkham,* 59 Ala. 349; *Sharp* v. *Hall,* 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28; *Dunn v. Bank,* 2 Ala. 152. The later cases in this court confirm the doctrine that an estate in land may be created to take effect in possession before the death of the grantor, with the reservation to the grantor of the intervening use and possession.—*Farr v. Perkins,* 173 Ala. 500, 55 South. 923; *Mays v. Burleson,* 180 Ala. 396, 61 South. 75; *Graves v. Wheeler,* 180 Ala. 412, 61 South. 341.

A careful consideration of the record convinces us that the preponderance of the evidence shows that complainant, with full knowledge, executed a deed, rather than a will, and that such was her intention at the time of such execution and delivery of the instrument to respondents.

Having due regard for the burden of proof and the party upon whom it rested, we are of opinion that by clear and satisfactory proof the conveyance of which cancellation is sought was intended by the grantor therein to operate as a conveyance to respondents of a present interest in the lands described, with reservation to the grantor of the possession only, for and during her life.

The decree of the chancellor is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.