FAULKNER, Justice.
Fountain appeals from an order of the trial court granting summary judgment to the defendants in an action seeking to have a certain instrument declared testamentary in nature and inoperative as a deed.
On January 12, 1956, Amos M. Nobles executed an instrument purportedly conveying an interest in certain lands located in Monroe County to Mrs. Willie Garlene Nobles. The instrument in question is a printed form warranty deed in which the blank spaces have been completed in handwriting. The parties stipulated that the instrument was prepared and handwritten by one Brutus H. Bailey, a layman not learned in the law. The instrument contains a Code form acknowledgment of Amos M. Nobles’s signature and the signatures of two witnesses. The instrument was filed in the Monroe County Probate Office on January 17, 1956, and a deed tax in the form of documentary stamps was paid thereon.
The instrument purports to presently convey the land described therein to Willie Garlene Nobles, but also contains the following handwritten language:
“This Conveyance Shall be Subject to The Following Conditions:
“1. Amos M. Nobles Shall Exercise Full Controll [sic] of this land as Long as He Shall Live
“2. In the Case of the Death of Willie Garlene Nobles During the Life Time of Amos M. Nobles This Deed Shall Become Null and Void.”
Amos M. Nobles predeceased Willie Gar-lene Nobles in September 1976. On September 14, 1976, Mrs. Nobles purportedly conveyed the subject property by warranty deed to Ophelia Jackson.
On November 16, 1982, Wilbur Fountain, an heir at law of Amos M. Nobles, filed suit against Willie Garlene Nobles and Ophelia *901 Jackson, seeking to have the instrument executed by Amos M. Nobles declared testamentary in nature and, thus, subject to the law of wills, and inoperative as a deed. Defendants filed a motion to dismiss, which was denied. Plaintiff then filed a motion for judgment on the pleadings, and defendants filed a motion for summary judgment. Following a hearing on these motions, the trial court entered an order which stated, in part:
“Upon consideration of the pleadings, and process, the stipulations of the parties, the evidence offered in support of the said motions, and the arguments of counsel for both parties, the Court concludes that there is no dispute as to any material fact, and that the said instrument should be construed as a present conveyance of a future estate, that is, that a life estate was reserved in Amos M. Nobles and a vested remainder was created in the grantee, Willie G. Nobles. Accordingly, the Defendants are entitled to judgment as a matter of law.”
Fountain then filed his notice of appeal to this court.
Fountain argues, on appeal, that the trial court erred in granting summary judgment for defendants. He maintains that the ultimate factor in determining whether an instrument is a will or a deed is the intent of the executing party. He further argues that the intention of Amos M. Nobles as regards the nature of the instrument is not apparent from the language of the instrument on its face. Thus, he says, the court should have, in a full trial on the merits, proceeded to consider circumstances attendant to the execution of the instrument in order to determine the true intent of Mr. Nobles. We agree.
This court, in Smith v. Davis, 199 Ala. 687, 688-89, 75 So. 22 (1917), said:
“When a written instrument conveying real property may on its face operate either as a deed or as a will, it must be determined whether it is so executed as to operate as either; and then the controlling inquiry is, which operation and effect the maker intended it to have. That is to say, whether the maker intended to pass a present interest or estate to the grantee, or an estate to vest on the death of the maker or grantor. This intention is to be ascertained not only from the instrument itself, but from the facts and circumstances attending its execution. — Abney v. Moore, Adm’r, 106 Ala. 131, 18 South. 60; Elmore v. Mustin, 28 Ala. 309; Daniel v. Hill, 52 Ala. 430; Hall v. Burkham, 59 Ala. 349; Sharp v. Hall, 86 Ala. 110, 5 South. 497, 11 Am.St.Rep. 28; Dunn v. Bank, 2 Ala. 152.”
Furthermore, in Sharp v. Hall, 86 Ala. 110, 114, 5 So. 497, 499 (1888), the court stated:
“[A]ll the attending circumstances may be put in proof, as aids in determining whether the maker intended the paper should operate as a deed or a will, whenever it is so framed as to postpone actual enjoyment under it, until the death of the maker. Gillham v. Mustin, 42 Ala. 365; Daniel v. Hill, 52 Ala. 430; Campbell v. Gilbert, 57 Ala. 569; Jordan v. Jordan, 65 Ala. 301; Rice v. Rice, 68 Ala. 216; Lee v. Shivers, 70 Ala. 288; 1 Big. Jarman on Wills, 25; Gage v. Gage, 12 N.H. 371; Mealing v. Pace, 14 Ga. 596, 630; Symmes v. Arnold, 10 Ga. 506; Jackson v. Jackson, 6 Dana, 257.”
See also Seay v. Huggins, 194 Ala. 496, 500-01, 70 So. 113, 114 (1915).
The judgment is reversed and the cause remanded to the circuit court for trial. We opine that summary judgment was improper.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.