# Hall *v.* Burkham, Hall *et al.*

### *The Construction of Written Instruments.*

1. *An instrument reserving the power of revocation is a deed.*—An instrument which conveyed all the property owned by the grantor to a trustee for the benefit of her grand-children after her death,—but retained for her the possession and use of it during her life, and reserved to her the power of revocation of the grant, must be considered as a deed, and not as a will.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. HURIOSCO AUSTILL.

William Hall, Dorion Hall, Arthur B. Hall, and Elizabeth Anderson Hall, minors, filed a bill of complaint by their next friend, John Bragg, in the Chancery Court of Montgomery county, against William B. Hall, Charles B. Burkham, Matthew W. Collins, Lehman, Durr & Co., and Josiah Morris & Co., to subject the real estate described therein to the trust created by an instrument executed by Dorion Hall. It is in these words, viz:

"The State of Alabama, Lowndes county. Know all men by these presents, that I, Dorion Hall, of said State and county (being at this time free from all debts and liabilities), for and in consideration of the sum of five dollars to me in hand paid by my son, William B. Hall, of said State and county, at and before the ensealing of these presents, the receipt whereof is hereby acknowledged, and in further consideration of the natural love I have and bear to certain of my grand-children, to-wit: William Hall, Elizabeth Anderson Hall and Dorion Hall, all infants of tender age and children of my said son, William B. Hall, above named, I have given, granted and conveyed, and by these presents do give, grant, convey and assign to the said William B. Hall all of my property, of every name and nature, real, personal and, mixed, and all my choses in action of every kind. I especially mean all my plantation and tract of land on which I now reside, located in said county, near Midway, between Lowndesboro and Hayneville, with all my stock, horses, mules, cattle, hogs and sheep, all my plantation tools and implements, wagons, carriages, harness, &c., all my household and kitchen furniture, &c. To have and to hold to him, the said William B. Hall, his heirs and assigns, in trust, however, and for the express trust and condition hereinafter

mentioned, viz: I, however, hereby reserve the possession and use of all said property above mentioned, together with the rents and profits thereof for my support, maintenance and enjoyment during the term of my natural life. After my decease, the said William B. Hall shall retain and take possession of, in his own right, and as his own property, all my household and kitchen furniture, but shall hold all the other property mentioned above, and keep it together for the use and benefit of my said grand-children above named, and for the use and benefit of such child or children of my said son, William B. Hall, as may hereafter be born, said trust to continue during the minority of the youngest child, who shall take under this deed as above set forth; and said trustee shall place at interest, upon good security, the net annual income of said property, after paying all necessary expenses incurred in keeping up said plantation. Whenever either of said grand-children, for whose use and benefit the said trust is held, shall arrive at twenty-one years of age, or shall marry, the said trustee shall pay to them, or either of them, their equal share of the rents and profits that shall have then accrued.

" Whenever the youngest of said children of my said son William B. Hall, shall arrive at twenty-one years of age (who shall take under this deed), then the said trustee shall sell off said property, to the best advantage, and divide and distribute all the net proceeds thereof, also the rents, and profits and interest that may have accrued, equally between said children of my son, William B. Hall, as above specified, and share and share alike.

" I hereby reserve the absolute right and power, for my own benefit, should I at any time think proper so to do, to revoke this deed. I also reserve the absolute right and power, in case my said son, William B. Hall, shall decline to accept said trust, or should resign the same after accepting, or should die before me, to nominate and appoint another trustee in his stead.

" In testimony whereof, I have signed, sealed and delivered these presents on this, the eighteenth day of March, A. D. 1871.                                        " DORION HALL. [SEAL.]
" In the presence of
    " THOMAS M. WILLIAMS, ⎫ [Fifty cents U. S. Rev. stamp.]
    " S. M. REESE.             ⎭
    " I accept the foregoing trust, this, 18th day of March, 1871.                                        WILLIAM B. HALL.
    "Witness : T. M. WILLIAMS."

On the hearing of this cause, the court was of the opinion that the foregoing instrument "is testamentary in its character, and not having been probated, the court is of the opinion that complainants are not entitled to relief in this action." And the bill was dismissed without prejudice.

On an appeal to the Supreme Court, the following agreement was made by counsel, viz:

"Agreed in this cause, pending in the Supreme Court, that the court may decide the single question, whether the instrument on which complainants rely for a recovery and which is the foundation of their claim, signed by Mrs. Dorion Hall, grandmother of complainants, is a deed or a will. All other questions are waived, and decision of the cause to turn on this single point.

"Montgomery, May 27th, 1878.

"W. L. Bragg,
"Sol. for appellants in above case.
"David Clopton,
"Sol. for creditors of William B. Hall.
"D. S. Troy,
"Sol. for Hall, trustee."

The counsel of the parties to the suit, also entered into the following agreement, viz.:

"It having been agreed, that the sole and only question for the decision of the court shall be, whether the instrument in writing executed by Mrs. Dorion Hall, and which the Chancery Court declared to be testamentary in its character, is a deed or a will:

Now, in either event, whether the Supreme Court shall decide said instrument is a deed or will, then it is further agreed that a consent-decree shall be entered in said court, whereby it shall be declared that the life-interest of the said William B. Hall in the following described lands are subjected to the claims of Lehman, Durr & Co., Josiah Morris & Co., Matthew W. Collins, and Owen Ragan, to-wit: The north half of section two, in township fifteen; and the west half of the north-west quarter of section one, in township fifteen; all of section thirty-six, in township sixteen, except the east half of the north-east quarter; all of section thirty-five, in township sixteen; and the east half of the north-west quarter of section thirty-four, township sixteen. And also the absolute fee simple estate of said William B. Hall in and to the west half of the north-east quarter of section thirty-six, in township sixteen. All the above named lands are in range thirteen, and are situate in Lowndes county in the

[Hall v. Burkham, Hall et al.]

State of Alabama, and together make what is known and called "The Swamp Place," described in the record on file in said cause.

If the Supreme Court shall be of opinion that said instrument is a deed, and shall so decide, then so much of the chancellor's decree as declares said instrument to be testamentary in its character, shall be reversed, and a decree rendered therein declaring that said instrument is a deed; but this shall not have the effect to prejudice any rights of the said Lehman, Durr & Co., Josiah Morris & Co., Matthew W. Collins, and Owen Ragan, as above declared and set forth; for in any event their rights in the premises shall be saved by the said consent-decree.

DAVID CLOPTON,
Sol. for appellees, except Wm. B. Hall.
BRAGG & THORINGTON,
Sols. for appellants in the above cause.
D. S. TROY,
Sol. for William B. Hall, trustee."

BRAGG & THORINGTON, for appellants.—1. The error of the court consisted in the construction of a written instrument. A will is defined to be the legal declaration of a man's intentions of what he wills to be performed after his death. 2 Bouvier's Law Dic. title *Will*. A will is ambulatory. It passes no present interest. No title passes by it till the death of the maker has made it a completed instrument. But a deed is different. By a deed an immediate title vests in the taker. The deed may be so shaped that a power of revocation is reserved by which the title conveyed may be divested at any time during the life of the grantor, or upon any named contingency. Such provisions as this have been common in deeds of family settlement from the early history of the law. 1 Jarman on Wills, pp. 16–20,—where this view of the law is fully sustained.

2. The deed of trust from Mrs. Dorion Hall to W. B. Hall, as trustee, is not a will, nor is it testamentary in its character.—1 Jarman on Wills, pp. 16–20; 3 Mylne & Keen. 32; 13 Ala. 731–742; 3 Porter, 69; 28 Ala. 309; 24 Ala. 122; 42 Ala. 365; ib. 589; 52 Ala. 446; 6 Ala. 631.

3. Nothing is more common in deeds of family settlement like the present, than the insertion of a power of revocation in the grantor. Sometimes it is a general power of revocation, and sometimes it is expressed in qualified terms; but in either event it is valid as a deed and has been so from the

[Hall v. Burkham, Hall et al.]

time of Coke and Plowden.—3 Coke's Reps. 25; 2 Bouv. Dic. Tit. Revocation, and authorities there cited; 1 Sugd. on Powers, p. 216 (m. 158); 4 Kent Com. (3 ed.) p. 336–7; Rev. Code, § 1608.

4. The estate conveyed by this deed vested as perfectly the moment the deed was executed by Mrs. Dorion Hall, and became as complete as it did at her death. The only difference was, that at her death the trustee could go into the possession and use of the property conveyed, and she could no longer exercise the power of revoking the deed, but these events had nothing to do with the vesting of the estate as conveyed by the deed.—2 Washb. Real Prop. 601–2, note, and authorities cited. It was a gift *inter vivos*. The test is whether the instrument is to take effect and vest rights only at the death of the grantor.—42 Ala. 367, 591.

5. In construing instruments of this character, the courts are largely influenced by the intention of the parties.—24 Ala. 128. All the parties to this instrument construed it to be a deed and acted on it as a deed. On the second day of April, 1873, the trustee filed this deed for record in the office of the judge of probate of Lowndes county, Alabama, where it was duly recorded on the ninth day of June, 1873.

6. The delivery of the deed of trust is sufficiently shown by the proof.—29 Ala. 147; 26 Ala. 136; 11 Ala. 413; 15 Ala. 271. Another important consequence follows from this. The execution and delivery of the deed to the trustee by Mrs. Dorion Hall at the time the deed was made, was a strong circumstance showing "the design to divest the power of revocation."—2 Molloy Reps. 257. But if there was no proof of delivery this would not affect the character of the instrument, or its validity.—1 Johns. Ch. Rep. 329; 1 ib. 256; 2 Sandf. Ch. Reps. 400.

7. The law is, that if one acquire property from a trustee, knowing that the trustee is thereby making an unlawful conversion of it, and with knowledge, actual or constructive, of the trust, he becomes a trustee of the property for the *cestui que trust.*—1 Story Eq. Jur. § 512; 5 Smedes & Marsh. 499; 31 Ala. 39; 1 Brock. 330.

DAVID CLOPTON, for appellees, except William B. Hall.

D. S. TROY, for William B. Hall.

MANNING, J.—The chancellor erred in holding that the instrument on which this suit was founded, executed by Mrs.

Dorion Hall, is of a testamentary character, and not a deed. Upon its face it purports to be a deed. Its introductory words are those almost always employed in a deed. Then, as it embraces all the property of Mrs. Hall which might be a cause for objection on the part of creditors,—instead of declaring herself according to the common clause in a will,—"of sound and disposing mind and memory"—she, appropriately to the situation, describes herself as "being at this time free from all debts and liabilities." Next follows the recital of a money consideration of five dollars from the trustee, and of love and affection to the beneficiaries, her grand children. Thereupon she gives, grants, conveys and assigns, all her property of any kind, to her son, the trustee, for the benefit of his children,—reserving to herself the possession and use—not title—thereof for her support, maintenance and enjoyment during her natural life; at the expiration of which, her son is to take possession of some furniture and other things as his own, but of the residue and bulk of the property, for the benefit and in trust for her grand children. In conclusion, the instrument proceeds as follows : "I hereby reserve the absolute right and power for my own benefit, should I at any time think proper so to do, to revoke this *deed*. I also reserve the absolute right and power, in case my said son William B. Hall, shall decline to accept this trust, or should resign the same after accepting, or should die before me, to nominate and appoint another trustee in his stead. In testimony whereof, I have signed sealed *and delivered* these presents, on this the 18th day of March, A. D. 1871." The instrument is signed by Mrs. Hall as maker, and attested by two subscribing witnesses. It is skilfully written ; and upon it, is indorsed an acceptance of the *trust*, bearing the same date, signed by William B. Hall, and attested in writing by one of the subscribing witnesses to the bond.

Mrs. Hall never exercised the power of revocation she reserved. Neither of the events happened upon which she could exercise the power of appointing another trustee. She never complained of the instrument, as in any respect, not expressing her intention; and she is dead without leaving any creditors to complain of its operation.

There is no rule of law which prevents an instrument like this, if intended to be a deed, from having effect as a deed. The intention in this regard of the maker, must be ascertained from the writing itself viewed in the light which the circumstances attending the transaction may shed. In this

case there are none which compel or enable us to see in the language used any other meaning than that which the words employed usually and naturally express.

The argument that it is a will is founded chiefly upon the provisions by which Mrs. Hall reserved the possession and use of the property during her life, and a power to revoke· the instrument. According to numerous decisions of this and other courts, the former of these provisions does not by itself produce the effect contended for. And in regard to the power of revocation, the better opinion is that it tends rather to rebut than to sustain the idea that the instrument containing it is of a testamentary character. "The insertion of such a clause, so far from indicating an intention to make a will, imparts quite a contrary color to the transaction, as a will wants not an express power to make it revocable."—(1 Jarman on Wills, 17). And even more decidedly is the intention implied, of making an instrument operative to transfer the title from its date, to-wit, a deed,—by the declaration in it, that in case the person to whom as trustee it is made, shall decline to accept the trust, or after accepting resign it, or die, *in the lifetime* of Mrs. Hall, she shall have the power to appoint another trustee in his stead.

We are clearly of the opinion that the instrument in question was properly put into execution as a deed, and need not be offered for probate to be established as a will.

The parties having agreed, in the event that this should be our opinion, upon the terms of a decree by consent which should be entered in this cause, let the decree so agreed on be enrolled on the minutes of the court, and executed.