# Mays v. Burleson.

## *Ejectment.*

(Decided January 23, 1913. Rehearing denied February 14, 1913.
61 South. 75.)

1. *Wills; Nature.*—Whether an instrument is a deed or a will will depend on whether the maker intended that an interest or estate in the land should vest thereunder before the death of the maker; if such was the intention, and the instrument can reasonably so operate it will be upheld as deed, it being possible that the estate may vest on the execution of the instrument, though the right of enjoyment be postponed until the termination of an intervening life estate.

2. *Same; Execution; Effect.*—The execution of a will passes no estate, vests no title, and creates no interest or right in the beneficiary as it is dependent on the death of the testator, in whom rests the absolute power of revocation, although not reserved or expressed.

3. *Deeds; Remainders; Vesting.*—Where an estate is conveyed by deed subject to an intervening life estate, the remainder in the fee vests in the grantee immediately on execution of the deed, though possession is postponed, and the interest thus conveyed cannot be revoked, annulled or impaired by any act of the grantor.

4. *Same; Reservation; Life Estate; Power to Convey.*—The reservation of a life estate in the grantor with power to convey to another makes the grantor the owner of the property as to creditors and purchasers, but does not destroy the character of the instrument as a deed.

5. *Same; Exception.*—Where a decedent executed an instrument conveying land to his daughter, reserving control and possession during his life, and subject to divestiture out of the grantee in case he should sell the land during his life, the vesting of the title of the grantee was not postponed until the grantor's death, but became vested on the execution of the deed, subject to be divested out of

[Mays v. Burleson.]

the grantee in case the grantor exercised the reserved right; and not having done so during life the property passed to the grantee under such an instrument as a deed.

6. *Estoppel; Evidence; Position in Judicial Proceedings.*—Where the plaintiff in ejectment relied on the will as a source of her title only after a deed conveying the land to her had been improperly excluded as evidence of title, she was not thereby estopped from claiming title under the deed; nor was she estopped by her admission that her father was in possession, and was the owner of the land at the time of his death, the admission being made for the purpose of making the father the common source of title.

APPEAL from Marion Circuit Court.

Heard before Hon. TRAVIS WILLIAMS, Special Judge.

Ejectment by Martha E. Mays against J. D. Burleson. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

It appears that the land involved in this suit was owned by Seth Bottoms, and that both parties trace title back to him. Seth Bottoms was the father of plain· tiff, and died on the 25th day of June, 1904, leaving three children, Martha E. Mays, the plaintiff, Prudence E. Frederick, and Thomas Bottoms. Seth Bottoms made a will, and after making the will executed a deed to Martha E. Mays, conveying the land involved in this suit, but reserving therein a life estate. The deed is in form a warranty, and the condition in the deed is as follows: "The conditions of the above deed are such that I, Seth Bottoms, am to retain full possession and control of the above lands" during his life; after his death, the lands to be the property of Martha E. Mays and her heirs, provided "that I do not sell said land during my lifetime, in such event this deed is to be null and void." This deed was excluded by the court, whereupon the plaintiff then offered in evidence the record of the will of Seth Bottoms, which conveyed to Martha E. Bottoms and Prudence Bottoms, now Frederick, the personal property equally, and to Prudence Bottoms, the lands belonging to the Jesse Weatherly place, "and

to Martha Bottoms the lands I now live on. If Prudence Bottoms should decease without leaving any lawful heirs, Martha Bottoms shall have all my estate. If Martha Bottoms should decease without leaving any lawful heirs, then Prudence Bottoms shall have all my estate, but in the event my wife should outlive me, she shall have full control of all my estate until her death, but shall not sell any of my estate, or any part thereof, and after her death, the estate shall be divided, as I have above devised." The deed from Seth Bottoms to Martha Mays above set out was recorded June 1, 1904; it having been executed August 13, 1903. Prudence Bottoms married Frederick, and died on December 23, 1910. Previous to her death, on the 16th of January, 1905, Prudence Frederick and her husband conveyed the lands sued for to the defendant J. D. Burleson. It appeared that Seth Bottoms died on or about the 25th day of May, 1904. On this state of the evidence the court gave the affirmative charge for the defendant.

R. W. QUINN, and KIRK, CARMICHAEL & RATHER, for appellant. The rule is that the court will look to the will as a whole and from it get the true meaning and purpose of the testator.—*May v. Richie,* 65 Ala. 632; *Hollingsworth v. Hollingsworth,* 65 Ala. 326; *Campbell v. Noble,* 110 Ala. 382. Heirs or heirs of the body will often be construed to mean children when the instrument itself shows such meaning.—*Slaton v. Blarent,* 93 Ala. 477; *Sullivan v. McLaughlin,* 99 Ala. 60; 160 Ala. 281. The owner of real property may sell and convey the title at the same time reserving a life estate in himself.—*Elmore v. Mastin,* 28 Ala. 309; *Daniel v. Hill,* 52 Ala. 430; *Hall v. Burton,* 59 Ala. 349; *Griffin v. Marsh,* 86 Ala. 302; *Sharp v. Hall,* 86 Ala. 110. The instrument was a deed reserving life

[Mays v. Burleson.]

interest in grantor with the proviso that the grantor could sell the land during his life which was not equivalent to reserving the right to sell.—40 Cyc. 1407. The rule is that where there are two clauses in a will inconsistent with each other the first clause governs, unless the intention to qualify it is made plain.— *Gould v. Womack*, 2 Ala. 683; *Petty v. Booth*, 19 Ala. 633; *Webb v. Webb's Heirs*, 29 Ala. 588; *McCombs v. Stephens*, 154 Ala. 161. Applying the foregoing principle of law to the will and to the deed it appears that both were admissible in evidence and vested in plaintiff the legal title to the land.

E. B. & K. B. FITE for appellee. The instrument offered was not in fact a deed but was testamentary in character, posthumous in operation, and not having been accompanied by proof of its probation in proper form was not admissible.—*Gillham v. Mustin*, 42 Ala. 366; *Jordan v. Jordan*, 65 Ala. 306; *Trawick v. Davis*, 85 Ala. 345; *Crocker v. Smith*, 94 Ala. 297; *Moore v. Campbell*, 102 Ala. 452; *Abney v. Moore*, 106 Ala. 134; *Whitton v. McFall*, 122 Ala. 623; *Gomez v. Higgins*, 130 Ala. 493; *Robertson v. Robertson*, 147 Ala. 311; *Barnes v. Barnes*, 56 South. 958. The appellant is estopped from departing from the course pursued on the trial of the cause.—*Fearne v. Fearne*, 129 Ala. 435; *Brown v. French*, 148 Ala. 273; *Clark v. Dunn*, 161 Ala. 633. The use of the word heirs was in its technical sense and cannot be read to mean child or children. *Wallace v. Hodges*, 160 Ala. 272; *DeBardelaben v. Dickerson*, 156 Ala. 59.

ANDERSON, J.—"Whether an instrument is testamentary, or a conveyance operating to create estates and rights upon its execution, is often a question of

great difficulty. When it can have no effect as a deed, the court is inclined to regard it as a will, if in that character effect can be given to the evident intention of the maker. The controlling question is whether the maker intended that an estate or interest should vest before his death. If such be the intention, and the instrument can reasonably thus operate, it will be upheld as a deed. While the estate conveyed must vest upon the execution of the instrument, the passing of the immediate rights of possession and enjoyment is not essential to constitute a deed; and the reservation of a life estate does not of itself make it a will."—*Trawick v. Davis*, 85 Ala. 342, 5 South. 83; *Hall v. Burkham*, 59 Ala. 349; *Jordan v. Jordan*, 65 Ala. 301. The difference between the two, however, is apparent.

Immediately upon the execution of the deed, the remainder in fee vests, though possession and enjoyment is postponed. By no act of the grantor can it be revoked, annulled, defeated, or impaired.

The execution of the will passes no estate, vests no title, creates no interest or right. All are dependent upon the death of the testator, in whom resides the absolute unqualified power of revocation, though it is not reserved or expressed. The grantor, however, can reserve the power in a deed to revoke same or to divest a title thereby vested upon legitimate conditions reserved or provided for in the deed. Deeds, once executed are irrevocable, unless such powers are reserved in the instrument."—*Sharp v. Hall*, 86 Ala. 112, 5 South. 498, 11 Am. St. Rep. 28; *Craven v. Winter*, 38 Iowa, 479.

It is true that such a reservation makes the grantor the owner of the property as to creditors and purchasers, but we are not dealing with creditors or purchasers from Seth Bottoms subsequent to the deed. Nor will the fact that the power to revoke is reserved in the in-

strument destroy its character as a deed.—*Hall v. Burk-ham,* 59 Ala. 349; *Nichols v. Emry,* 109 Cal. 323, 41 Pac. 1089, 50 Am. St. Rep. 43.

The deed in question retained the control and pos-sesion of the land in the grantor for his life, but it operated to convey the title in præsenti to his daughter, the grantee, subjct to his right of possession and con-trol during his life, and also subject to be divested in case he should sell the land during his life, a power re-served by him in the deed. This reservation did not postpone the vesting of title in the grantee until the death of the grantor, but it became vested upon the execution of the deed, subject to be divested in case he exercised the reserved right to sell the land during his life. The intention of the grantor must be the pole-star in considering the character of the instrument. It is in form a deed, is acknowledged as such, and is not executed or attested in such manner as could make it valid as a will, and the fact that the grantor reserv-ed the power to sell the land is a strong indication that he did not intend it to operate as a will. If he intend-ed it as a will, a reservation of the power to dispose of the property or revoke the instrument was not neces-sary, as he had this right, if it was a will, independent of the reservation. As was said in the case of *Hall v. Burkham, supra,* in speaking of the reservation to re-voke the instrument: "And in regard to the power of revocation the better opinion is that it tends rather to refute than to sustain the idea that the instrument containing it is of a testamentary character. The in-sertion of such a clause, so far from indicating an in-tention to make a will, imparts quite a contrary color to the transaction, as a will wants not an express power to make it revocable."—Jarman on Wills, 17. We therefore hold that the instrument of August 13,

1903 (which will be set out by the reporter), is a deed, and did not have to be probated in order to be admissible as evidence.

The instrument in the case of *Gillham v. Mustin*, 42 Ala. 366, is unlike the deed in question. It was ambulatory and posthumous, and vested no present title in the sisters as the same was to become operative only in case the owner died or was killed in the war. In other words, it was a testamentary gift, only to become effective in case of the donor's death, and the sisters held the property conveyed as bailees or trustees, and which was not to become theirs unless their brother died or was killed during the war. The other cases cited by appellee's counsel are not opposed to the present holding.

As the deed in question conveys the land in controversy, and which was erroneously excluded from evidence, it becomes unnecessary for us to construe the will as it did not operate to pass the title to the land which the testator had conveyed away before his death. We cannot justify the action of the trial judge upon the theory that the appellant is estopped by her admission from claiming title under the deed or is confined to a different theory of the case. It is true that she relied upon the will as the source of her title, but this she did not do until after the deed under which she claimed had been improperly excluded. Nor did her admission that the father was in possession of and owner of the land at the time of his death preclude her from relying upon the deed; for, while it was executed before the death of Seth Bottoms, he was at the time of his death the owner to a qualified extent, and the appellant did not admit that he was the absolute owner. Moreover, these admissions were for the evident purpose of making Seth Bottoms the common

[Ward, et al. v. Moore.]

source, and to relieve both sides from tracing title beyond him.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.