(75 South. 302)

CRAFT v. MOON et al. (8 Div. 998.)

(Supreme Court of Alabama. April 5, 1917. Rehearing Denied May 17, 1917.)

1. WILLS ⟷88(1) — DISTINGUISHED FROM DEED.

The intention of the maker is the ultimate object of the inquiry to determine whether a given document is a deed or a will; as to whether it is intended to be ambulatory and

revocable, or to create rights and interests at the time of its execution.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 208, 214, 217.]

**2. WILLS** ☞88(1) — **DISTINGUISHED FROM "DEED."**

If a document cannot be revoked or impaired by the grantor, it is a "deed," but if the grantor. recites an unqualified power of revocation, it is a "will."

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 208, 214, 217.

For other definitions, see Words and Phrases, First and Second Series, Deed; Will.]

**3. WILLS** ☞92—**DISTINGUISHED FROM DEED.**

A written instrument may sometimes operate both as a will and as a deed; that is, partly as a deed and partly as a will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 221.]

**4. WILLS** ☞88(1) — **DISTINGUISHED FROM DEED.**

Deeds are irrevocable, while wills are always revocable during testamentary capacity.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 208, 214, 217.]

**5. WILLS** ☞88(2) — **DISTINGUISHED FROM DEEDS.**

Deeds take effect by delivery, while wills take effect only after testator's death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 209.]

**6. WILLS** ☞88(1) — **DISTINGUISHED FROM DEED.**

While the passing of present and immediate right of possession and enjoyment is not essential to constitute the instrument a deed, and the reservation of the use and enjoyment of the property to the grantor during his life does not, of itself, make it a will, yet if it has not present effect in fixing the terms of such future enjoyment, and requires the death of the alleged testator for its consummation, when the interest and enjoyment are posthumous, it is a will, if properly executed as such.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 208, 214, 217.]

**7. WILLS** ☞88(3) — **DISTINGUISHED FROM DEED.**

An instrument, conveying land to grantees, reserving a life estate in grantor, referring to itself as a deed, and acknowledged, delivered, and recorded as a deed, *held* a deed and not a will; the postponement until grantor's death of the right to enjoy the fruits or benefits of the conveyance not being inconsistent with the granting of the remainder after the termination of the life estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 210.]

**8. DEEDS** ☞70(8)—**FRAUD IN PROCURING.**

The existence of an unexpressed mental reservation of grantor of a conveyance reserving a life estate that she could, at any time, avoid its effect if she desired, as if it were a bequest in a will, is not evidence that it was procured by fraud; such idea being a mistake of law on her part not induced by the grantees.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 176–182.]

Appeal from Chancery Court, Madison County; James E. Horton, Jr., Chancellor.

Bill by Mary J. Craft against J. P. Moon and others, to declare an instrument a will, or, if found not to be a will, to declare the instrument void and canceled as a deed; al-

so to declare a lease void and canceled, and have same surrendered. From a decree dismissing the bill complainant appeals. Affirmed.

The instrument directed to be set out is as follows:

"Know all men by these presents, that I, Mary J. Craft, for and in consideration of the love and affection which I bear towards J. P. Moon, Jr., and his wife, L. M. Moon, do hereby give, grant and convey unto said J. P. Moon, Jr., and his wife L. M. Moon, the following described real estate situated and being in said county, to wit [here follows description by government subdivision] to have and to hold the said tract or parcel of land with the tenements or appurtenances thereunto belonging unto the said J. P. Moon, and his wife, L. M. Moon, and heirs after my death, forever. The full use and control of the above land being reserved to myself during my natural life, but after my death, this deed is to have full force and effect. In testimony whereof, I have hereunto set my hand and affixed my seal, this the 9th day of September 1899.

"[Signed]                    Mary J. Craft."

The instrument was duly acknowledged before a justice of the peace in the usual form of acknowledgments to deeds, and recorded on November 6, 1899, in Deed Book. 85, p. 638.

David A. Grayson and Betts & Betts, all of Huntsville, for appellant. R. E. Smith and Spragins & Speake, all of Huntsville, for appellees.

MAYFIELD, J. Two questions which will control the disposition of this case are: First, is the particular instrument in question (which the reporter will set out) a deed or a will; second, if a deed, is. it void or voidable because procured by undue influence, and was there consideration sufficient to support it as a conveyance of land?

[1, 2] The intention of the maker is the ultimate object of the inquiry to determine whether a given document is a deed or a will; as to whether it is intended to be ambulatory and revocable or to create rights and interests at the time of its execution. If it cannot be · revoked or impaired by the grantor, it is a deed, but if the grantor recites an unqualified power of revocation, it is a will. Griswold v. Griswold, 148 Ala. 239, 42 South. 554, 121 Am. St. Rep. 64.

[3] A written instrument may sometimes operate both as a will and as a deed; that is, partly as a deed and partly as a will. Kyle v. Perdue, 87 Ala. 423, 6 South. 296.

[4, 5] As to. the rules of construction of written instruments for the purpose of determining whether they be wills or deeds, they are not clearly defined in the law books. There is no uniform test. The following principles may be observed in their construction: Deeds are irrevocable; wills are always revocable during testamentary capacity; deeds take effect by delivery; wills take effect only after death of testator. If a given instrument can be operative as one and

not as the other, courts are inclined to hold it to be that to which effect can be given it. The intent of the maker is always a controlling inquiry. Sharp v. Hall, 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28.

[6] While the passing of present and immediate right of possession and enjoyment is not essential to constitute the instrument a deed, and the reservation of the use and enjoyment of the property to the grantor during his life does not, of itself, make it a will, yet if it has not present effect in fixing the terms of such future enjoyment, and requires the death of the alleged testator for its consummation, when the interest and enjoyment are posthumous, it is a will, if properly executed as such. Trawick v. Davis, 85 Ala. 342, 5 South. 83; Griffith v. Marsh, 86 Ala. 302, 5 South. 569; Sharp v. Hall, supra; Elmore v. Mustin, 28 Ala. 309; Crocker v. Smith, 94 Ala. 295, 10 South. 258, 16 L. R. A. 576.

A writing under seal, in form a deed, conveying to the grantor's daughter and her children, by present words of gift, in consideration of natural love and affection, several slaves and other property, and containing this clause:

"The condition of the above named gift is to take place at my death; until then the property is to remain as my own"

—has been held to be a deed and not a will. Elmore v. Mustin, supra. See Golding v. Golding, 24 Ala. 122.

What was said by this court in the case of Strickland v. Griswold, 149 Ala. 325, 43 South. 105, in reference to the instrument there under consideration and to its delivery, as well as the authorities there cited, is apt and conclusive as to the first question to be decided. May's Case, 180 Ala. 396, 61 South. 75.

[7] There is nothing at all on the face of the instrument to show that it was intended as a will, except that the right to enjoy the fruits or the benefits of the conveyance is postponed until the death of the grantor; in other words, a life interest is reserved thereby to the grantor. This is not at all inconsistent with the granting of the remainder after the termination of the life estate. The parties, on the face of the instrument, in terms denominate it a deed; it is acknowledged as such, and was delivered as such, and recorded as such. We feel no hesitancy in pronouncing the instrument a deed.

The evidence fails to satisfy us that this deed was procured by undue influence, or by fraud, or that it is otherwise invalid, or should be canceled and annulled. We are of the opinion that the evidence, at best for the complainant, shows that she did an improvident act, one which she now regrets and desires to avoid if she can do so under the laws of the state. We find no evidence which sufficiently shows that she was over-

reached by the grantees or their agents; it is shown that she was an intelligent woman, more intelligent than the grantees, that she was at the date of the deed very friendly with, and felt very kindly toward them, and not without cause, and that she desired that they should have the land after her death, and that on account of her love and affection for them she conveyed to them the remainder after her death.

[8] It may be that she had the mental reservation that she could at any time avoid the effect of the deed, if she desired to do so, just as she could the bequest of a will; but she expressed no such desire, hope, or expectation at the time of the execution or before delivery, either in the instrument or otherwise. If she had such an idea, it was a mistake of law on her part, and was not at all induced by the grantees.

This record fails to show that the grantees in this conveyance at all dominated or controlled the mind or actions of the grantor, or that she did not know what she was doing, or did not intend to do what she did. She herself now admits that she knew the instrument was a deed, and that she intended to execute it. Hawthorne v. Jenkins, 182 Ala. 240, 62 South. 505, Ann. Cas. 1915D, 707; Curry v. Leonard, 186 Ala. 666, 65 South. 362; Frederic v. Wilkins, 182 Ala. 343, 62 South. 518.

What is said as to the execution of the deed is also apt as to the execution of the lease.

We fully agree with the chancellor in his conclusions and decree in dismissing the bill.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.