SELF et al. v. SELF et al.  (8 Div. 719.)

(Supreme Court of Alabama. March 19, 1925.)

1. Equity ⬚233—General demurrer available only where bill states no ground of equitable relief.

General demurrer is available only where bill fails to state any ground of equitable relief.

2. Wills ⬚77—"Deeds" and "wills" distinguished as to revocability and time of taking effect.

"Deeds" are irrevocable and take effect by delivery, while "wills" are always revocable

during testamentary capacity and take effect only after testator's death.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deed; Will.]

**3. Wills ⬡88(1)—Instrument held deed or will according to which construction will render it operative.**

If instrument can operate as deed only, and not as will, or vice versa, courts are inclined to hold it to be that to which effect can be given.

**4. Wills ⬡88(1)—Parties' intention primarily considered in determining whether instrument is deed or will.**

Form of instrument is immaterial in determining whether it is will or deed; prime object being to carry out parties' intention, especially that of grantor, as gathered, if possible, from language used in writing itself.

**5. Wills ⬡88(2)—Instrument is deed, if maker intended that interest or estate in land vest thereunder before his death.**

If maker intended that interest or estate in land vest under instrument before his death, it is a deed.

**6. Wills ⬡93—Presumption against testamentary operation of imperfect or equivocal instrument.**

When instrument is imperfect and equivocal on face, presumption is against its operating as testamentary, unless such intent clearly appears.

**7. Deeds ⬡97—Granting clause prevails over conflicting introductory statements and habendum clause.**

Granting clause of deed prevails over conflicting introductory statements and contradictory or repugnant habendum clause.

**8. Deeds ⬡133(2)—Vest immediately on execution of deed conveying estate subject to intervening life estate.**

When estate is conveyed subject to intervening life estate, remainder in fee vests immediately on execution of deed, though possession is postponed.

**9. Wills ⬡88(3) — Maker's reservation of right to control land during life negatives intention to make will.**

Maker's reservation of right in instrument to control land conveyed during his life negatives intention to make will.

**10. Wills ⬡88(1)—Instrument held not will but deed.**

Instrument, in form of and acknowledged as deed, delivered and recorded within four days of execution, not witnessed, and reciting that "I * * * do hereby give, grant and convey" to named persons "to have and to hold," etc., "grantor" reserving life interest, *held* a deed, not a will.

**11. Wills ⬡88(1)—Instrument must be executed as required by statute to operate as will.**

To operate as will, instrument must be witnessed by two witnesses, subscribing their names in testator's presence, as required by Code 1907, § 6172.

**12. Wills ⬡205—Will not probated vests no title in beneficiaries.**

Will not probated vests no title in beneficiaries.

**13. Partition ⬡89—Complainants held entitled to accounting of rents by defendant.**

Under averments of bill for sale of lands for division that defendant collected rents for 1922 and had rented lands for 1923, complainants were entitled to accounting of rents, which is mere incident to right of partition.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Bill in equity by Herbert F. Self and others against N. H. Self and others. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

The instrument exhibited with the bill is as follows:

"State of Alabama, Morgan County.

"Know all men by these presents that I, Wm. M. Self of the county of Morgan and state of Alabama, for and in consideration of love and affection towards my sons, W. C., J. E., J. J., and N. H. Self and as an advancement to them do hereby give, grant and convey unto the said W. C., J. E., J. J., and N. H. Self the real estate hereinafter described subject to the rights reserved and the limitation hereinafter set forth, viz.:

   *   *   *   *   *   *   *

"Also for and in consideration of great love and affection towards my daughters N. J. Baker, N. B. Garrison and R. A. Hamilton and as advancement to them do hereby give, grant and convey unto the said N. J. Baker, N. B. Garrison and R. A. Hamilton all of my household and kitchen furnature and all my personal property the undersigned grantor requires W. C., J. E., J. J., and N. H. Self at his death to pay to the said N. J. Baker, N. B. Garrison and R. A. Hamilton one hundred dollars each total amount three hundred dollars. The undersigned grantor further requires that the above payment share be paid at his death and payment of said amount be divided as follows say

     W. C. Self seventy-five dollars
     J. E. Self seventy-five dollars
     J. J. Self seventy-five dollars and
     N. H. Self seventy-five dollars.

"The undersigned grantor hereby reserves unto himself the right to occupy use and control for and during his life all of the above described land and property free from any and all charges therefor but from and after the death of the undersigned grantor this conveyance to become and be absolute. To have and to hold unto the said W. C., J. E., J. J., and N. H. Self, N. J. Baker and N. B. Garrison and R. A. Hamilton, theare heirs and assigns forever subject to limitation and reservations above stated. In witness wheare of I heare unto set my hand and seal on this 21th day of April 1900.      Wm. M. Self. [Seal.]

"Attest: W. A. Patterson.

---

"[Internal Revenue Documentary Stamp. Value $1.00.]

"State of Alabama, Morgan County.

"I, J. T. Self, a justice of the peace in and for said County and State hearby certify that Wm. M. Self whose name is signed to the foregoing conveyance and who is known to me acknowledged before —— on this day that being informed of the contents of the conveyance he executed the same voluntarily on the day the same bears date.

"Witness my hand on the 21st day of April, 1900.      J. T. Self, J. P."

Wert & Hutson, of Decatur, for appellants.

The instrument should be held to be a will. Sharp v. Hall, 86 Ala. 110, 5 So. 497, 11 Am. St. Rep. 28; Walker v. Jones, 23 Ala. 448; 8 R. C. L. 932; Wilson v. Wilson, 158 Ill. 567, 41 N. E. 1007, 49 Am. St. Rep. 176; Renehan v. McAvoy, 116 Md. 356, 81 A. 586, 38 L. R. A. (N. S.) 941; Bassett v. Budlong, 77 Mich. 338, 43 N. W. 984, 18 Am. St. Rep. 404; Culy v. Upham, 135 Mich. 131, 97 N. W. 405, 106 Am. St. Rep. 388; Murphy v. Gabbert, 166 Mo. 596, 66 S. W. 536, 89 Am. St. Rep. 733; Watkins v. Dean, 10 Yerg. (Tenn.) 321, 31 Am. Dec. 583; Meyer v. Barnett, 60 W. Va. 467, 56 S. E. 206, 6 L. R. A. (N. S.) 1191, 116 A. S. R. 894; Note, 49 Am. St. Rep. 221; 89 Am. St. Rep. 494; Mosser v. Mosser's Ex'r, 32 Ala. 551.

Sample & Kilpatrick, of Hartsells, for appellees.

The instrument is a deed. Mays v. Burleson, 180 Ala. 396, 61 So. 75; Graves v. Wheeler, 180 Ala. 412, 61 So. 341; Farr v, Perkins, 173 Ala. 500, 55 So. 923; Josey v. Johnston, 197 Ala. 482, 73 So. 27; Craft v. Moon, 201 Ala. 11, 75 So. 302; Smith v. Davis, 199 Ala. 687, 75 So. 22; Phillips v. Phillips, 186 Ala. 545, 65 So. 49, Ann. Cas. 1916D, 994.

THOMAS, J. The bill as amended was for a sale for division of the lands among joint owners. To a decision on demurrer it was necessary to declare the legal effect of the instrument exhibited as a part of the bill—whether it was a will or a deed.

In Henderson v. Henderson, 210 Ala. 73, 92, 97 So. 353, it is declared that, in determining whether an instrument be a deed or a will, the controlling question is: Did the maker intend any estate or interest whatever to vest before his death, and by the execution of the paper? "Or * * * did he intend that all the interest and estate should take effect only after his death? If the former, it is a deed; if the latter, a will; and it is immaterial whether he calls it a will or a deed; the instrument will have operation according to its legal effect. Abney v. Moore, 106 Ala. 131, 18 So. 60; Daniel v. Hill, 52 Ala. 430; Kyle v. Perdue, 87 Ala. 423, 6 So. 273; Crocker v. Smith, 94 Ala. 295, 10 So.

258, 16 L. R. A. 576; Gomez v. Higgins, 130 Ala. 493, 30 So. 417; Jordan v. Jordan, 65 Ala. 301; Rice's Adm'r v. Rice, 68 Ala. 216; Trawick v. Davis, 85 Ala. 342, 345, 5 So. 83; Gillham Sisters v. Mustin, 42 Ala. 365."

[1-13] The learned circuit judge precedes his decree with an opinion, from which we take the following:

"The bill as amended is demurred to on several grounds, and is now submitted for decree on that demurrer. If Exhibit A to the bill is to be construed as a deed, then the general demurrer for want of equity in the bill should be overruled; a general demurrer is available only where the bill fails to state any ground of equitable relief. Shannon v. Long, 180 Ala. 129, 60 So. 273; Moore v. Empire Land Co., 181 Ala. 344, 61 So. 940; Macke v. Macke, 200 Ala. 261, 76 So. 26; Birmingham T. & S. Co. v. Cannon, 204 Ala. 344, 85 So. 768.

But respondents insist that the paper writing shown by Exhibit A should be construed as a will, and not as a deed. That is the most important question raised by the demurrer; when the case was first before me on the demurrer to the original bill, in the opinion then written, I said:

"'In determining whether a paper writing is a deed or a will, our Supreme Court has declared that certain principles may be observed in their construction. "Deeds are irrevocable; wills are always revocable—during testamentary capacity; deeds take effect by delivery; wills take effect only after the death of the testator. If a given instrument can be operative as one and not as the other, courts are inclined to hold it to be that to which effect can be given." Craft v. Moon, 201 Ala. 12, 13, 75 So. 302. The form of the instrument is immaterial; the prime object is to carry out the intention of the parties, especially the intention of the grantor; that this intention must, if possible, be gathered from the language used in the paper writing itself. Graves v. Wheeler, 180 Ala. 415, 61 So. 341. If the maker intended that an interest or estate in land should vest thereunder before the death of the maker, it is a deed. Mays v. Burleson, 180 Ala. 396, 61 So. 75; Ferris v. Neville, 89 Am. St. Rep. 488, note.

"'"When an instrument on its face is imperfect and equivocal, the presumption is against its operating as testamentary, unless it is made clearly to appear that it was executed animo testandi, or being intended by the author to operate as a posthumous disposition of his estate." Ferris v. Neville, 89 Am. St. Rep. 488, note; and the granting clause of a deed will prevail over the introductory statements in conflict therewith, and over the habendum clause also, if that clause is contradictory of, or repugnant to, the granting clause. Graves v. Wheeler, 180 Ala. 412, 61 So. 341; Head v. Hunnicutt, 172 Ala. 48, 55 So. 161. And, when an estate is conveyed subject to an intervening life estate, the remainder in the fee vests immediately on execution of the deed, though possession is postponed. Mays v. Burleson, 180 Ala. 396, 61 So. 75. And if the maker of the instrument reserves the right therein to control the land during his life, this negatives an

intention on his part to make it a testamentary document. Marsh v. Rogers, 205 Ala. 108, 87 So. 790; Ferris v. Neville, 89 Am. St. Rep. 496, note; and, in order to have effect as a will, it must be witnessed by two witnesses. Code 1907, § 6172.

" 'Under these principles of law, I am clearly of opinion that the written instrument Exhibit A must be held to be a deed, and not a will. It uses the words "give, grant and convey"; it speaks of the maker thereof as "grantor"; it uses the words "to have and to hold"; it reserves a life interest in the land; it is in form a deed, and is acknowledged as such; it was delivered and recorded within four days of its execution; and last, but not least, it is not witnessed, but its execution was acknowledged before a justice of the peace. If there were no other defect to this paper operating as a will, this fact alone is fatal. In order to have effect as a will, it must be executed as required by statute. Pitts v. Darby, 182 Ala. 370–372, 62 So. 523; Ferris v. Neville, 89 Am. St. Rep. 489, note; "one of the essential requirements to the validity of the instrument as a will is, that it must be attested by two witnesses, who must subscribe their names thereto in the presence of the testator." Woodruff v. Hundley, 127 Ala. 640, 29 So. 98, 85 Am. St. Rep. 145; Blacksher Co. v. Northrup, 176 Ala. 195, 57 So. 743, 42 L. R. A. (N. S.) 454. If it was a will, not having been probated, it vested no title in complainants or respondents. Inge v. Johnston, 110 Ala. 650, 20 So. 757.'

"The bill avers that defendant N. H. Self collected the rents for the land for the year 1922, 'and has rented said lands out for the year 1923.' The main equity of the bill is for a sale for division of lands; the accounting asked for is a mere incident to the right of partition. Under the averments of the bill complainants are entitled to an accounting. Henderson v. Stinson, 207 Ala. 365, 92 So. 453; Ford v. Borders, 200 Ala. 73, 75 So. 398.

"It follows that the sixth ground of the demurrer is not well taken, and the demurrer should be overruled."

It is unnecessary to add to the foregoing. However, it will be noted that the instrument construed by Mr. Chief Justice Stone in Sharp v. Hall, 86 Ala. 110, 5 So. 497, 11 Am. St. Rep. 28, was attested by a subscribing witness and one acknowledging the execution, giving it the effect of execution before two witnesses; and it did not, as in the instrument before us, purport to be an advancement, and did not use the words, "give, grant and convey," or employ like words in the habendum "to have and to hold."

In Walker v. Jones, 23 Ala. 448, the instrument construed was duly attested by two witnesses and acknowledged before an officer; and when the instrument is taken as a whole it evidences the testamentary intent on the part of Mr. Walker in dealing with specific properties, the several objects of his bounty, the right of revocation, and specific reservation as to some of the property made the subject thereof, and the expressed intent that

at the maker's "death this deed shall take effect." So, also, as to the provisions therein made concerning debts or acquittances thereof.

A writing in form a deed, executed by husband and wife, "purporting to convey to their children, by the words, 'have given, granted, and bestowed, and, by these presents, do give, grant and bestow,' all the real and personal property composing the wife's separate estate, 'under the following restrictions, reservations, and conditions,' " reserving to the wife an estate for life, and providing "that the foregoing gift is to take effect" at her death, that her husband, as her executor, " 'shall keep the property together for two years for the benefit of the children, until all of the estate can be wound up, when said gifts are to be distributed,' " is a will, and not a deed. It was so executed as to give it effect as a will. Mosser v. Mosser's Ex'r, 32 Ala. 551.

In Hall v. Burkham, 59 Ala. 349, the instrument was held a deed, duly attested; the trust was accepted, and it was duly delivered as a deed to take effect in præsenti, and the enjoyment postponed. McElhaney v. Jones, 197 Ala. 303, 307, 72 So. 531; Smith v. Davis, 199 Ala. 687, 75 So. 22; Jenkins v. Woodward Iron Co., 194 Ala. 371, 69 So. 646; Adair v. Craig, 135 Ala. 332, 33 So. 902; Graves v. Wheeler, 180 Ala. 412, 61 So. 341; Craft v. Moon, 201 Ala. 11, 75 So. 302; Mays v. Burleson, 180 Ala. 396, 61 So. 75. The early cases in this jurisdiction are collected and discussed in 11 A. L. R. p. 58 et seq., note.

It is not necessary that we prolong the discussion of the several cases from other jurisdictions cited by appellants. It is sufficient to say we have carefully considered the same; and we are of opinion, and so hold, that there is no error in the ruling of the circuit court challenged by the appeal and assignments of error.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.