JONES, Justice.
This will contest case presents the issue whether a document bearing the signature of one witness is subject to probate as a valid will pursuant to Alabama’s Uniform Probate Code (Ala. Code 1975, § 43-8-1 et seq.).[1] We hold that the document is not a valid will and, therefore, is not subject to probate.
The appellants are daughters of the deceased (Mary Helen Clark), and the appel-lee is the deceased’s son and the administrator of her estate. While Mrs. Clark was hospitalized in May 1988, she dictated a will to an employee of the hospital. The will was typed and given back to Mrs. Clark. She signed it, and she had á nurse to witness it. There was not a second witness’s signature, as is required by Ala.Code 1975, § 43-8-131.
The appellee obtained letters of administration for his mother’s estate, and the creditors began to file their claims. Meanwhile, the appellants filed for probate the will their mother had executed in the hospital. The appellee contested the probate of this will and had the administration of the estate removed to the circuit court.
The trial court entered the following order:
“This matter was submitted to the court on April 11, 1989, on the [appel-lee’s] motion for summary judgment. Considering the matters presented, the court does find that the document filed in Probate on November 10, 1988, purporting to be the will of Mary Helen Clark, was subscribed to by only one witness *1054 and, as such, was not a valid will by the law of the State of Alabama, Code 1975', § 43-8-131; and Black v. Seals, 474 So.2d 696 (Ala.1985). Therefore, there being no genuine issue as to a material fact, the court enters summary judgment in favor of the [appellee] regarding this document.”
Appellants (the daughters of the deceased) contend that where, as here, two additional persons (one of the daughters and the husband of the other daughter), in fact, “witnessed” the will, but did not sign as “witnesses” until after the death of Mrs. Clark, the trial court erred in rejecting the will; that is to say, they argue that the trial court’s rejection was based on a mere technicality. While we agree with the appellants that the new probate code relaxed some of the more technical requirements for the execution of a will as provided by the old law of wills, we can not agree that a will bearing the signature of a single witness comports with the minimum requirements of the existing law, which reads:
“Except as provided within section 43-8-135, every will shall be in writing signed by the testator or in the testator’s name by some other person in the testator's presence and by his direction, and shall be signed by at least two persons each of whom witnessed either the signing or the testator’s acknowledgment of the signature or of the will.”
Ala.Code 1975, § 43-8-131.
Accordingly, we find no basis for reversal of the circuit court’s judgment.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. The document submitted for probate bears three signatures; but, as discussed later, two of these "witnesses" affixed their signatures after the death of the "testatrix.”