THIGPEN, Judge.
This ease involves the interpretation of whether a particular document was intended as a will or as a deed. The appeal was transferred to this court from our Supreme Court pursuant to Ala.Code 1975, § 12-2-7.
In January 1995, Reba Helen Rucker (Rucker) filed a complaint for a declaratory judgment against Karen R. Morgan (Morgan) seeking a determination of the parties’ interests in certain real property. In May 1995, Rucker amended her complaint, requesting that the trial court find that a document executed by Joseph Rucker (the decedent) on December 1,1992, was a valid deed.
The record reveals the following relevant and undisputed facts as stipulated by the parties at trial: Rucker and the decedent were married in July 1968 and lived together until his death in May 1993. Following the decedent’s acquisition of the instant property from a division of his parents’ property, Rucker and the decedent built a house at a cost of approximately $28,000. Subsequently, Rucker paid off the outstanding indebtedness of approximately $20,000 by using the proceeds she realized from the sale of another property she owned.
The decedent’s only child, the defendant Morgan, was born of a previous marriage. The record indicates that the relationship between the decedent and his disabled daughter was not a cordial one, and that they had seen each other only six times since 1968.
On December 1,1992, the decedent executed a document entitled “LAST WILL,” on a standard bill of sale form, had his signature notarized, and delivered it to Rucker. Ruck-er placed the document with her personal effects, where it remained until after the decedent’s death in May 1993. Rucker recorded the instrument as a deed in May 1994.
Following ore tenus proceedings, the trial court entered an order in June 1995, finding, in pertinent part:
“After due consideration of the stipulated evidence presented and applicable case law, this Court is of the opinion that the document executed by [the decedent] was not meant to be a deed but instead was intended to serve as [the decedentjs will. This being the case, and since the document does not have the required number of witness signatures to be a valid will, [the decedentjs property will be divided, with a 50% share belonging to Mrs. Reba Helen Rucker and a 50% share belonging to [the decedentjs daughter from his first marriage, Karen R. Morgan.
[[Image here]]
“Since the document executed by [the decedent] was entitled ‘LAST WILL,’ the intention of [the decedent] appears clear from the document that he intended to make a will. Additionally, the phrasing in the document itself T am leaving this as my last will and wishes for my worldly belongings in the event of my death’ indicates a testamentary intent and not the present desire to convey the property to Mrs. Rucker. The intent to pass a present interest is a requirement of a deed, and this document does not indicate that it intended to pass a present interest in the property to Mrs. Rucker.”
Rucker’s post-judgment motion was denied, and she appeals. The only issue on appeal is whether the trial court erred by determining that the decedent intended to create a will rather than a deed when he executed the document.
Because the material facts in this ease are undisputed, the ore tenus presumption of correctness does not apply in this case, and we review the evidence de novo. See Interstate Investment Corp. v. Rose Care, Inc., 631 So.2d 836 (Ala.1993). It is well settled law that there is no uniform test as to the rules of construction of written instruments for the purpose of determining whether they are deeds or wills. Craft v. *454 Moon, 201 Ala. 11, 75 So. 302 (1917); see also Sharp v. Hall, 86 Ala. 110, 5 So. 497 (1889); and see also, Crocker v. Smith, 94 Ala. 295, 10 So. 258 (1891). An examination of the instant document reveals that the decedent used a pre-printed bill of sale form. He typed the “LAST WILL” caption beneath the heading of the bill of sale form, and then typed other information within the body of the form. The relevant part of the document states:
“I am leaving this as my last will' and wishes for my worldly belongings in the event of my death, to my wife, Helen, a legal resident of the state of Alabama the receipt whereof is hereby acknowledged, do hereby grant, transfer and deliver unto the said Reba Helen Rucker, then her, successors (heirs, executors, administrators) and assigns, the following described property:
“Our 2 lots 4 & 6, our home which is on lot 6 and everything insidé our home, All our personal (or otherwise) property, 83 cad-iliac, 85 Isuzu, 84 Ford, 91 Escaper Motor Home, the cattle and outside buildings.
“If there is any money in our accounts, [everything] I possess is to be left to my wife, Helen, to do with as she sees and knows best to do.”
Rucker concedes that the document is not a valid will, because it does not have the requisite number of witness signatures required by Alabama law to constitute a valid will. She argues, however, that the document is a deed and that the form of the instrument is immaterial; and that in determining whether it is a will or a deed, the prime objective is to carry out the intention of the parties, especially the intention of the grantor. In support of her contention, she cites Self v. Self, 212 Ala. 512, 514, 103 So. 591, 592 (1925), wherein the court stated:
“[I]n determining whether an instrument be a deed or a will, the controlling question is: Did the maker intend any estate or interest whatever to vest before his death, and by the execution of the paper? ‘Or * * * did he intend that all the interest and estate should take effect only after his death? If the former, it is a deed; if the latter, a will; and it is immaterial whether he calls it a will or a deed; the instrument will have operation according to its legal effect.’ ”
(Citations omitted.)
A will disposes of one’s property effective after death and must be executed according to statute. Blacksher Co. v. Northrup, 176 Ala. 190, 57 So. 743 (1911). It must be signed by two persons, “each of whom witnessed either the signing or the testator’s acknowledgment of the signature or of the will.” Ala.Code 1975, § 43-8-131; see also, Pope v. Clark, 551 So.2d 1053 (Ala.1989); Black v. Seals, 474 So.2d 696 (Ala.1985). “Where a statutory pronouncement is distinct and unequivocal, there remains no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” Ex parte Holladay, 466 So.2d 956, 960 (Ala.1985). It is noteworthy that the purpose of requiring the attestation of two witnesses is to remove uncertainty regarding the execution of wills and to safeguard testators from the possibility of frauds and impositions. Weaver v. Grant, 394 So.2d 15 (Ala.1981). To date, Alabama has not adopted the provision of the Uniform Probate Code regarding the application of the harmless error principle to will formalities.
Additionally, the document in this case does not contain a habendum clause, which usually follows the granting portion of a deed and defines the extent of the ownership granted. That clause generally begins with words such as “to have and to hold,” and the absence of such -a phrase is generally not fatal to the determination of a document as a deed if the intent of the grantor can be determined from the document itself. See African Methodist Episcopal Church v. St. Paul Methodist Church of Selmont, 362 So.2d 868 (Ala.1978); also Schaefers v. Apel, 295 Ala. 277, 328 So.2d 274 (1976).
The language typed into the document, including phrases such as “my last will” and “worldly belongings in the event of my death,” obviously are not usual words found in the contents of a deed and do not effect a contemporaneous conveyance. We note that Black’s Law Dictionary 414 (6th ed.1990), defines a deed as a conveyance of realty. *455 Rucker did not record the instrument until approximately one year after Mr. Rucker’s death. Clearly, the evidence indicates that Rucker treated the instrument as a will and not as a deed. Rucker argues that the document contains phrases purporting to transfer a present interest in property; however, we note that these words were part of the language in the original, pre-printed form of the bill of sale and not those typed by the preparer.
Upon examining an instrument in its entirety, including written and printed portions, the written portion is given greater weight than the printed in reconciling discrepancies, giving each portion a field of operation when possible. Porter v. Henderson, 203 Ala. 312, 82 So. 668 (1919). Furthermore, regarding the rules governing the construction of conveyances of real property, “greater strictness is required in the construction of deeds than of wills.” Porter, 203 Ala. at 315, 82 So. at 671.
Additionally, it appears that the decedent listed joint assets, such as money in accounts and vehicles that he owned with Rucker at the time that he executed the document. If this document is to be construed as a deed, then it is axiomatic that all of his property, both real and personal, would pass to Rucker via this document. Certainly, there is no evidence to indicate that this was the intention of the decedent. The document simply indicates that the testator intended to convey his rights in the property at his death.
In viewing the entire instrument, we note:
“Innumerable cases may be cited to the proposition that the cardinal rule for the construction of written instruments is to ascertain, if possible, from the language employed, the intention of the parties, and then to give effect to such intention, if it can be done without violation of law. As often stated, the intention must be gathered from a fair consideration of the whole instrument, or from its ‘four corners.’
“In most of the eases the qualification is properly stated that the intention, as gathered from the language of the whole deed, ■will be effectuated if consistent with law. This means, of course, where deeds and devises to real estate are concerned, that even a clearly stated intention will be ineffectual if the instrument does not, as to the mode of its execution, and the use of language apt for the purpose stated, meet the requirements of the law.”
Long v. Holden, 216 Ala. 81, 83, 112 So. 444, 446 (1927) (citations omitted); see Lilly v. Earl, 463 So.2d 143 (Ala.1984).
After a thorough review of the record, and based on the phraseology used by the decedent in preparing the document, we agree with the trial court that the intent of the decedent was to execute a will, and not a deed.
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., dissents.