SHORES, Justice.
This cáse involves the question whether a document that purported to convey real property was intended as a will or a deed. The Court of Civil Appeals affirmed the trial court’s holding that the document was intended to be a will. Rucker v. Morgan, 702 So.2d 452 (Ala.Civ.App.1996). We reverse and remand.
Joseph Rucker married Reba Helen Ruck-er in July 1968, and they lived together until Joseph’s death in May 1993. During the marriage, the Ruckers built a house on a parcel of land Joseph had received from a division of his parents’ property. The house was built at a cost of approximately $28,000, which the Ruckers borrowed. In 1986, Mrs. Rucker paid off the outstanding indebtedness of approximately $20,000 by using the proceeds she realized from the sale of her own house.
On December 1, 1992, Joseph Rucker executed the document now at issue on a standard “bill of sale” form. He had his signature on that document notarized and delivered the document to his wife. Mrs. Rucker placed the document with her personal papers, where it remained until after Mr. Rucker died in May 1993. Mrs. Ruck-er recorded it in the deed records of Autau-ga County in May 1994.
Mrs. Rucker filed this declaratory judgment action against Karen Rucker Morgan (Joseph Rucker’s daughter by a first marriage), seeking a judgment declaring that the document was a deed conveying the real estate, including the house, to her. The trial court held that when Joseph Rucker executed the document he was intending to make a will, but that the document was not a valid will and thus that title to the real property had passed by the laws of intestate succession to Mrs. Rucker and Karen Rucker Morgan, and that the.two of them owned the property jointly in equal shares.
Mrs. Rucker appealed from that judgment. This Court transferred her appeal to the Court of Civil Appeals, pursuant to § 12-2-7, Ala.Code 1975. That Court affirmed. We granted Mrs. Rucker’s petition for certiorari review to consider whether the document is properly to be construed as a deed.[1] Mrs. Rucker concedes that the document is not a valid will, because it does not have the signatures of the requisite number of witnesses.
We first look to the requirements for a valid deed, as set forth in § 35-4-20, Ala. Code 1975:
“Conveyances for the alienation of lands must be written or printed, or partly written and partly printed, on parchment or paper, and must be signed at their foot by the contracting party or his agent having a written authority; or, if he is not able to sign his name, then his name must be written for him, with the words ‘his mark’ written against the same, or over it; the execution of such conveyance must be attested by one witness or, where the party cannot write, by two witnesses. who are able to write and who must write their names as witnesses; or, if he can write his name but does not do so and his name is written for him by another, then the execution must be attested by two witnesses who can and do write their names.”
This Court has many times considered the question whether a particular writing was a *458 deed or was a will. We have declared on those occasions that certain principles may be observed in construction of deeds and wills:
“““Deeds are irrevocable; wills are always revocable — during testamentary capacity; deeds take effect by delivery; wills take effect only after the death of the testator. If a given instrument can be operative as one and not as the other, courts are inclined to hold it to be that to which effect can be given.’ Craft v. Moon, 201 Ala. [11, at 12-13], 75 So. 402 [ (1917) ]. The form of the instrument is immaterial; the prime object is to carry out the intention of the parties, especially the intention of the grantor; that this intention must, if possible, be gathered from the language used in the paper writing itself. Graves v. Wheeler, 180 Ala. [412], 61 So. 341 [ (1913) ]. If the maker intended that an interest or estate in land should vest thereunder before the death of the maker, it is a deed. Mays v. Burleson, 180 Ala. 396, 61 So. 75 [ (1913) ]; Ferris v. Neville, 89 Am. St. Rep. [480] 488 [127 Mich. 444, 86 N.W. 960 (1901)], note.” ’ ”
Self v. Self, 212 Ala. 512, 514, 103 So. 591, 592-93 (1925). We have further stated that “the real inquiry in construing the terms of a deed is to ascertain the intention of the parties, especially that of the grantor.” Financial Investment Corp. v. Tukabatchee Area Council, Inc., 353 So.2d 1389, 1391 (Ala.1977); see Exxon Corp. v. Waite, 564 So.2d 941, 943 (Ala.1990).
After carefully examining the record in this case and the applicable law, we conclude that the document executed by Joseph Rucker before a notary public on December 1, 1992, was a valid deed. First, it met all the requirements of § 35-4-20. Second, when he executed the document and delivered it to Reba Helen Rucker, Joseph Rucker showed a present intention to convey to her a vested remainder in the real estate now at issue, which included the marital residence. Self v. Self, supra, at 514, 103 So. 591. We agree with Judge Monroe’s dissent:
“The document executed by Joseph Ruck-er meets all the requirements of a conveyance of real property, i.e., it is written or printed on paper, signed at the foot by Rucker, whose execution of the [document] is attested by a witness, in this case, a notary public. § 35-4-20, Ala.Code 1975. The wife filed the document as a deed at the probate court. The document can be construed as a deed conveying to the wife a vested remainder in the estate, to be hers in fee simple upon his death, while keeping for himself a life estate in the property. See § 35-4-211, Ala.Code 1975.”
702 So.2d at 456.
For the reasons stated above, the judgment of the Court of Civil Appeals is due to be reversed and this cause remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
SEE, J., concurs in the result.

. As stated in the opinion of the Court of Civil Appeals, the ore tenus presumption of correctness does not apply in this case, because the material facts are undisputed.